Commonwealth *v.* Fairman, Appellant.

Argued March 25, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Edward I. Weisberg*, with him *Fox and Fox*, for appellant.

*Herbert M. Linsenberg*, with him *Meltzer & Schiffrin*, for appellee.

OPINION BY FLOOD, J., April 13, 1961:

This is an appeal from a support order of $90 per week entered by the court below for the appellant's wife and two small children.

The court found that the appellant left the common domicile without justification and that his return two days before the hearing was not in good faith. It found further that his net income was $255 per week, that he was paying an average of $60 per week toward maintaining the home, including the mortgage, and $52 per week on certain notes which were either partially or wholly for household appliances.

There is competent testimony in the record to support all these findings.

1. As to whether the defendant's return was in good faith, his counsel at the hearing stated that he did not contest the wife's right to an order in some amount; that he moved back in again on November 11th but moved out again in a day or two, and moved back in again on December 27th, two days before the hearing. We cannot say that the trial judge's finding that defendant separated himself without good cause and that his latest return was not a good faith return was without basis in the record.

Nor can we say that there was an abuse of discretion in the court's failure to grant a rehearing on this issue on a petition which avers merely that he does not and never did concede his wife's right to support, that he never deserted her or his children or failed to maintain them, and that the statement made by his counsel at the hearing that he was not contesting his wife's right to an order was without authority and without the consent or acquiescence of the petitioner. As to these allegations the hearing judge commented:

"The defendant appeared to the Court to be a man of above average intelligence, he was present through-

out the hearing, heard his counsel make the representations to the Court respecting the limited scope of the hearing, offered no word of protest from the witness stand concerning the impropriety of the entry of an order of support, and did not offer to justify his departure from the common domicile of the parties."

There is no basis for disturbing the court's finding as to the right of the wife and children to support, and no abuse of discretion in the court's refusal of a rehearing on that issue.

2. As to the amount of the order, there is no contradiction of the figures upon which the court relied. Indeed, a substantial part of the hearing was taken up by efforts of the wife and her counsel to show that the defendant's earnings were greater than the court found. It was stipulated that his 1959 earnings were $13,250 after taxes, equivalent to the $255 weekly which the court found his earnings to be. He did not deny this although he stated that the amount in excess of his $228 weekly drawing account was a bonus which he did not receive in cash. However, we think the court was justified under the testimony in reaching the $255 figure.

The appellant's petition for rehearing averred that he paid $618.43 for the support of his wife and children in September, 1960, $303.35 in October, $637.33 in November and $400 in December. He does not deny, however, that he reduced the amount he was paying her personally from $70 per week before the separation to $40 per week in November. Evidently he was including payments for maintaining the house and the mortgage and perhaps the notes. If so, this indicates that in December he paid for maintenance of the house and the notes much less than the $112 weekly with which the court credited him for those items. The amount due on the notes for each month was $222, as found by the court and set forth in the record without denial.

If he had paid this amount on the notes in December and $40 per week to his wife, he must have paid almost nothing at all on the mortgage or for maintenance of the house.

He also set forth that his expenses for the maintenance of the house, the mortgages and the notes are $416 per month, but the court has credited him with an even greater amount, $111 per week, on these items in reaching its determination as to the amount of the order. The court found that after these payments and its $90 order, he would have $54 per week for his personal use.

We conclude that there is nothing alleged in the petition for rehearing which indicates that the court abused its discretion in refusing it. It raised no issues that the court had not considered and properly disposed of in its order, as set forth in its opinion filed.

Appellant's main complaint is that the order is too high and the court abused its discretion in entering it. His argument is largely based upon the facts which we have considered above. His chief additional argument is that the order was based upon his 1959 income, not his current income. This point was not raised in the court below—not even in the petition for rehearing. It appears that the appellant in effect agreed to submit to the court his 1959 income tax return as the basis for determining his earnings (R. 20a to 23a; 42a to 45a; 50a). This argument is an afterthought which does not help him.

Appellant states in his brief that his chief complaint is that the court said as to the notes: "I will not consider these note obligations" and that the court fell into grievous error when it failed to consider them. The trouble with this argument is that in its final determination the court did consider them as is seen by the court's question and statements on

pages 54a to 56a of the record, and in its opinion (R. 59a, 60a).

By reference to the same pages in the record, it is seen also that appellant's argument that the court also imposed the carrying charges of the home on him is incorrect. If he fails to pay them, he will not be in violation of the court's order. It is true that the court made the order upon the assumption that appellant would continue to pay these charges. His failure to do so may result in a modification of the order, as intimated by the hearing judge, but this does not incorporate these charges into the order or bring the question of the propriety of requiring their payment before us on this appeal.

There remains only the question of whether an order which amounts to slightly over one-third of the defendant's income is excessive. Under the testimony in this case we do not think it is excessive.

The order is affirmed.