## Commonwealth ex rel. Hrechany *v.* Hrechany, Appellant.

Argued March 22, 1963.  Before Rhodes, P.J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Kip D. Denega, Jr.,* for appellant.

*A. L. V. Picciotti,* with him *John M. McAllister,* for appellee.

Opinion by Ervin, J., June 12, 1963:

This is an appeal by the husband from an order of the court below directing him to pay the sum of $22.00 per week for the support of his wife.

The parties were married on March 16, 1959 and one child was born on August 11, 1959. Immediately after the marriage the parties lived with the wife's parents for about three months and then moved therefrom because her parents asked them to leave. The parties then moved in with the husband's mother,

where they continued to live until the wife left on February 8, 1960 and went back to live with her parents.

As stated by the court below: "A petition for habeas corpus was filed on behalf of the wife shortly after the parties separated and was heard by Judge BELOFF on July 19, 1960. There was extensive medical testimony which established that the wife, Jane Hrechany, is suffering from schizophrenia and requires constant psychiatric observation and treatment. She has periods of relatively favorable adjustment when she can be gainfully employed. Because of her mental condition Judge BELOFF awarded custody of the child to the father."

Since the parties separated the wife has been hospitalized several times. On one occasion she spent one year and four months in Byberry, having been discharged from that institution on October 17, 1962, approximately a month prior to the hearing in the court below. She continues to see Dr. McLaughlin, a psychiatrist, twice a month, paying him $15.00 for each visit. She was able to work and earn money during part of the time that the parties were married and living together. When disabled because of her mental condition, she receives Social Security payments in the sum of $103.00 per month.

Three weeks after the baby was born the wife was hospitalized because of her mental condition and she remained in the hospital until the baby was five months old. The mother of the husband has taken care of the child because the mental condition of the wife made it impossible for the wife to care for her own child.

The wife left her husband because she was no longer willing to live with him and his mother. The husband, on the other hand, says that he cannot live separately with his wife because it is necessary to have his mother take care of the child. It is the obligation of a husband to set up a separate home and a refusal by the wife to

live with him in the home of his parents does not constitute desertion: *Jablonski v. Jablonski,* 188 Pa. Superior Ct. 337, 146 A. 2d 813. In the present case, however, it would be impossible for the husband to provide a separate home for himself and wife and also to procure some person to care for the child because of the wife's mental condition for the reason that the husband's earnings will not permit such a solution. On the other hand, the wife's right to support should not be defeated by her desertion because it was undoubtedly caused by her mental condition. We, therefore, are of the opinion that an order of support should have been made in this case but we are firmly convinced that under all the circumstances the order of $22.00 a week made by the court below was too high.

The evidence shows that the husband earned $76.00 a week. We are not told whether this was gross or take-home pay. This would give him approximately $304.00 a month. He had no other source of income and no other assets. His expenses were as follows: rent, $88.00 per month; gas and electric, $10.00 per month; kindergarten fee for his three-year old child, $5.00 per month; carrying charges on car, $72.00 per month (he needs the car because he has to drive 60 miles to his work and 60 miles from his work to his home each day); making a total of $175.00 per month. This would allow him the sum of $129.00 per month to provide food, clothing, and medical and dental expenses for himself, his mother (of whom he was the sole support) and his child. If we allow $1.00 a day per person for food and $10.00 a week for clothing for three persons, the balance of $129.00 would be exhausted and there would be nothing left for medical and dental expenses and other ordinary items for the husband, his mother and his son.

On the other hand, the wife had Social Security payments of $103.00 a month when she was disabled

and when she was not disabled she was able to work and earn money for herself. We are not told in this record how much she earned when she worked. She testified that her expenses were as follows: two visits to psychiatrist each month at $15.00 each, $30.00; room and board $15.00 a week, or approximately $65.00 per month; and $5.00 a week for clothing, making approximately $20.00 a month; making a total of $115.00 per month. It will appear from the above that with her Social Security payments of $103.00 a month when disabled or her earnings when not disabled, she would almost be able to provide enough income for her needs.

The court should take into consideration the living expenses and income of both the husband and the wife when making a support order: *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 206, 30 A. 2d 437.

Under all the circumstances of this case, we believe that the husband should be compelled to pay to his wife the sum of $10.00 per week.

The order of the court below for the support of the wife is reduced from $22.00 per week to $10.00 per week and as so modified is affirmed.