Commonwealth *v.* Camp, Appellant.

Argued June 10, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

Proceeding upon petition of wife for increase in order of support for minor children. Before GAWTHROP, P. J.

Order entered directing defendant to pay increased amount for support of minor children. Defendant appealed.

*Francis X. Hope, Jr.,* with him *Alan B. Portnoff,* for appellant.

*Norman J. Pine,* Assistant District Attorney, with him *Samuel J. Halpren,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., September 12, 1963:

This is an appeal by G. Rex Camp, Jr. from an order of the Court of Quarter Sessions of Chester County, entered October 31, 1962, requiring him to pay the sum of $600.00 per month for the support of four children. The contentions advanced are (1) that the lower court erred "as a matter of law" in holding that appellant's son, G. Rex Camp, III, who was then aged eighteen years and had finished high school, should be included in the order; and (2) that the amount of the order was an abuse of discretion.

The instant proceeding had its inception in a petition filed by appellant's former wife on August 8, 1962, requesting an increase in an existing support order of $70.00 per week. Appellant and his wife, now divorced,

had four children, G. Rex, III, born April 12, 1944; James, born February 9, 1947; DeMaree, born March 8, 1948; and Emily, born April 19, 1949. Prior to the opening of the school year in the fall of 1962, appellant took G. Rex Camp, III, who had graduated from high school as "no more than an average student", to the Goldey Beacom School in Wilmington, Delaware, enrolled him in the two-year business course, paid the registration fee, and arranged for the boy to live at the Y.M.C.A. Appellant did not pay for tuition, books, or room and board, and his former wife was required to defray these expenses from her own funds. The court below concluded that appellant was "of sufficient ability to support a minor son attending business school beyond the high school level", and that it was "clearly within his own, his former wife's, and his son's contemplation that he would do so".

I. There is no question that a father's obligation to support his children includes the duty to provide a public school education. See *Commonwealth v. Wingert*, 173 Pa. Superior Ct. 613, 98 A. 2d 203. A recurring problem has arisen concerning a father's duty to furnish support for a child pursuing his education beyond high school. In *Commonwealth ex rel. Martin v. Martin*, 196 Pa. Superior Ct. 355, 175 A. 2d 138, the law was summarized as follows: "In the absence of an express contract, and unless the circumstances warrant it, a parent is not liable for the support of a child attending college . . . On the other hand, where there is an agreement to support, and it is within the contemplation of the parties, a father may be liable to support and furnish his child with a college education". In *Commonwealth ex rel. Howell v. Howell*, 198 Pa. Superior Ct. 396, 181 A. 2d 903, we held that the existence of a child's educational endowment policy indicated that higher education was within the contemplation of the parties, and was a circumstance warranting the

action of the court below in directing that the father should pay college tuition. Similarly, in the case at bar, we are fully in accord with the position of President Judge GAWTHROP that the conduct of this appellant in connection with his son's enrollment in business school demonstrated that higher education was contemplated, and was a circumstance warranting the inclusion of the son in the support order.

It should be further noted that, in the most recent opinion of this court on the subject, it is expressly stated as a matter of law that, under appropriate circumstances, an order may be entered against a father for the support of his child attending college. "We believe that the law of this Commonwealth requires a father, under certain circumstances, to support a child while attending college": *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa. Superior Ct. 640, 190 A. 2d 182. The opinion in the *Ulmer* case had not been handed down at the time the instant proceeding was decided by the lower court. Under the rule announced therein, it is clear that appellant's first contention must be rejected.

II. Appellant's second contention gives us more concern. His principal source of income is the Campex Corporation, a real estate and insurance business which he owns and controls. It is unnecessary to burden this opinion with a detailed financial analysis. The court below determined that appellant's annual income was $10,905.00. As calculated in appellant's brief, the figure should be $7,905.00. The expense of maintaining the four children, according to their mother's testimony, is $121.00 per week, to which was added $134.00 per month to cover the school expenses of G. Rex Camp, III. The court below found that the total sum needed was "at least $618.00 per month".

We are all of the opinion that the amount of the order should be reduced. The asserted needs of the

children must be equated with the father's ability to pay. Even if we assume an income of $10,905.00, as found by the court below, an order of $7,200.00 per year appears to us to impose an unreasonable burden. The purpose of a support order is the welfare of the child and not punishment of the father. It must be fair and not confiscatory in amount, being intended to provide such allowance for support as is reasonable, considering the property, income and earning capacity of the father, and the condition and station in life of the family: *Commonwealth ex rel. Warner v. Warner*, 194 Pa. Superior Ct. 496, 168 A. 2d 755. It is our view that the order in the instant case should be reduced to $425.00 per month.

As thus modified, the order of the court below is affirmed.