Commonwealth ex rel. Mitterling *v.* Mitterling, Appellant.

Argued June 10, 1963. Before RHODES, P. J., WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (ERVIN, J., absent).

*Edmund P. Hannum,* for appellant.

*Anna R. Iwachiw,* Assistant District Attorney, with her *Ralph B. D'Iorio,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., September 12, 1963:

This is an appeal from an order of support entered in favor of a wife and two children. The action was brought under §733 of The Penal Code of June 24, 1939, P. L. 872, as amended, 18 P.S. §4733.

The parties separated March 26, 1961. The wife and three children, ages 18, 15 and 9, remained in the family home, and the father, a physician, left it to reside at his office. After the separation, the defendant paid most of the expenses related to the premises in which his family resided and paid $100 a week to his wife for her and their children's support. When the oldest child entered college, the defendant assisted him, but reduced the weekly payments for the support of his wife and the other two children to $80. The wife then brought this action, and after hearing the court entered an order against the defendant in the amount of $125 a week plus certain expenses in connection with the above residential premises owned jointly by the defendant and his wife. The defendant appealed. His gross income exceeds $30,000 a year. The amount of the order is reasonable under the evidence.

The defendant contends that he has continued to maintain his wife and children after the separation, and, therefore, no order should have been entered against him. Section 733 of The Penal Code, supra, provides: "If any husband, or father, being within the limits of this Commonwealth, separates himself from his wife or from his children, or from wife and children, without reasonable cause, or neglects to maintain his wife or children . . ." action may be brought against him under the section.

The defendant separated himself from his wife and children and, as we read the record, he orally waived any right to claim that he had "reasonable cause" for leaving his family and he submitted to the jurisdiction of the court for the determination of the amount of the order. The court, presumably on the basis of this waiver, found that the defendant had deserted his family. We might dispose of the case on the basis of this waiver, but as there may have been a misunderstanding among the parties and the court on what was intended by the

oral statements made by counsel at the hearing, we prefer to ignore this point, and dispose of the case on the question raised and argued by the defendant.

He contends that he did not neglect to maintain his wife and children. The court found that "he was not adequately providing for their care." The order of $125 a week made by the court at a time when the defendant had been paying only $80 a week would lead us to that conclusion without a specific finding. The defendant attempted to show, however, that in addition to the $80 cash he paid certain expenses, and particularly that he purchased some of the clothing for the children. It was apparent that the adequacy of the clothing purchases would have led to endless bickering over the need for particular articles, the type that should have been purchased and the price that should have been paid for them. The able and experienced trial judge quite properly refused to permit the defendant to pursue this.

It is difficult for an appellate court to formulate rules in support cases which are not subject to numerous exceptions, but we are of the opinion that as a general rule when parents are separated, a mother with custody of the children must be given control of the purchase of the children's necessities and that she is entitled to a cash order against the father for this purpose, unless, of course, he is supplying her regularly with adequate cash funds. If a father wishes to control the specific purchases for children not in his custody, he has a very heavy burden to establish unusual circumstances such as the total lack of ability in the person having custody to handle the money and make the necessary purchases.

Quoting from *Commonwealth v. George*, 358 Pa. 118, 124, 56 A. 2d 228 (1948), the appellant argues that "the method whereby a husband secures to his wife and family the necessities of life is not a proper subject for

judicial consideration and determination in the absence of proof of desertion without cause or neglect to maintain." That case involved parties who were living together. Although there are exceptions, cf. *Commonwealth ex rel. Turner v. Turner*, 192 Pa. Superior Ct. 502, 161 A. 2d 922 (1960), the court will not ordinarily reach into the home to determine the manner in which the earnings of a husband shall be expended. *Commonwealth v. George*, supra, p. 123. See also *Commonwealth ex rel. Hamilton v. Hamilton*, 199 Pa. Superior Ct. 255, 261, 184 A. 2d 361 (1962), and concurring opinion p. 261.

This rule is based partly upon practical considerations. It is impractical, if not impossible, for a court to take sufficient testimony on specific expenditures for living expenses to make an intelligent finding on the adequacy of the support furnished by the head of a household to the other members of the household. But, where the parties are living apart, it would be impractical, if not impossible, for the court to attempt to glean from testimony whether the defendant is himself purchasing or paying for sufficient specific items of food, clothing and other necessities for his wife and children. As a general rule, when the parties are separated, the defendant should supply cash for living expenses, and when the court finds the amount of those payments to be inadequate it may enter an order for an adequate amount. *Commonwealth ex rel. Iezzi v. Iezzi*, 200 Pa. Superior Ct. 584, 588, 190 A. 2d 334 (1963). That is what the court did in this case.

The legislature gave the courts broad powers over support orders. It is within the discretion of the trial judge to determine under all the circumstances what is just and equitable to all parties concerned. *Commonwealth ex rel. Silverman v. Silverman*, 180 Pa. Superior Ct. 94, 98, 117 A. 2d 801 (1955). The court here properly applied the law, and entered a just and equitable order.

Order affirmed.

ERVIN, J., took no part in the consideration or decision of this case.