## Commonwealth ex rel. Decker *v.* Decker, Appellant.

Argued June 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Lester J. Schaffer,* with him *Zink, Shinehouse & Holmes,* for appellant.

*Sydney Finkelstein,* with him *Theodore C. Jenkins,* for appellee.

OPINION BY WOODSIDE, J., September 17, 1964:

This is an appeal from an order modifying a support order. The support order should not have been entered in the first place. When the original order was made, the parties involved, Mr. and Mrs. Decker, were living together under the same roof and eating at the same table. Indeed, the court directed Mr. Decker to pay Mrs. Decker to buy the food to feed Mr. Decker. Both parties were working and jointly owned the house in which they lived. Courts have no right to put their fingers into the family pocketbook and divide the family income. *Commonwealth v. George,* 358 Pa. 118, 124, 56 A. 2d 228 (1948); *Commonwealth ex rel. Mitterling v. Mitterling,* 201 Pa. Superior Ct. 538, 542, 193 A. 2d 618 (1963).

It appears that when the original order was entered the court assumed that the defendant would pay certain expenses of operating the house. It was inevitable that the case should be cluttered with arguments concerning who was to pay for what. The court cannot now expand the original order to include payment to the wife for a variety of household expenses incurred prior to the modifying order under the guise of "reforming" the original order. See *Commonwealth v. Fairman,* 195 Pa. Superior Ct. 170, 175, 169 A. 2d 311 (1961).

The original order was entered in June 1958, and directed the defendant to pay $65 a week for the support of his wife and their son, then 15 years of age. As no appeal was taken from that order, it became technically legal, and as the parties are now separated, it has become factually proper.

In 1962 both parties filed petitions to modify the original order—she to increase it, and he to reduce it. The petitions were consolidated for a hearing which was concluded July 30, 1962. No determination was made on the petitions to modify until March 25, 1964,

when the court ordered: (1) that the order of support for the wife *alone* be fixed at the sum of $65 per week; (2) that the defendant reimburse the wife in the sum of $450 "for money paid out by said wife for utilities, etc.;" (3) that the defendant reimburse the wife in the amount of $4,000 for the sum the wife paid to cover the son's college year of 1961; and (4) that the defendant reimburse the wife for any and all moneys and sums paid by her to cover the son's college years of 1962, 1963 and 1964, but not to exceed the sum of $2,-000 for any one of said college years. This order is now before us on appeal by the defendant.

It has been long and firmly established that the order in a support case involving a summary proceeding may not be retroactive. *Commonwealth ex rel. Voltz v. Voltz,* 168 Pa. Superior Ct. 51, 54, 76 A. 2d 464 (1950); *Commonwealth ex rel. Yeats v. Yeats,* 168 Pa. Superior Ct. 550, 554, 79 A. 2d 793 (1951); *Commonwealth ex rel. Sharpe v. Sharpe,* 193 Pa. Superior Ct. 161, 165, 163 A. 2d 923 (1960); *Keller v. Commonwealth,* 71 Pa. 413, 417 (1872). See also *Commonwealth v. Shavinsky,* 180 Pa. Superior Ct. 522, 525, 527, 119 A. 2d 819 (1956). Items 2 and 3 of the order of March 25, 1964, were intended by the court below to apply retroactively even at the date of the hearing. They must be stricken in their entirety. That part of Item 4 relating to the reimbursement to the wife for funds advanced to the son for education prior to the date of the order is retroactive and must be stricken for that reason.

The court did not abuse its discretion in ordering the defendant to pay part of his son's educational expenses subsequent to March 25, 1964. The son entered University of Pennsylvania in the fall of 1961 and presumably will be graduated in the spring of 1965. He has maintained good marks at the university, has earned a scholarship and his mother has materially as-

sisted him. The defendant has assets of over $30,000 and no other children to educate. His wife is a college graduate, has a Phi Beta Kappa key and one year's postgraduate work in chemistry. The defendant and she planned to send their son to college, and the defendant set aside $600 for that purpose. There is no undue hardship in requiring the father to contribute towards the son's education. An order may be made against a father to help a child receive an education beyond high school when the child is able and willing to successfully pursue his course of studies, and his father has sufficient estate, earning capacity or income to enable him to pay the order without undue hardship. *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa. Superior Ct. 640, 644, 190 A. 2d 182 (1963); *Commonwealth v. Camp,* 201 Pa. Superior Ct. 484, 487, 193 A. 2d 685 (1963).

The order to pay expenses "not to exceed the sum of $2000" a year and the use in the order of calendar years instead of school years can lead only to confusion and endless bickering. It should be more positive. We shall modify the order, giving weight to the following facts: that the boy has a scholarship (and an automobile purchased for $1700), that he should be able to earn part of his expenses during vacations, and that the court's order sets the *maximum* required payment at $2000 a year. We shall set the order for the son's education at $150 per month for April and May of 1964[1] and for each month from September 1964 to June 1965, both inclusive, during which the son continues his college education.

The order of $65 a week for the support of the wife alone is too high, and constitutes an abuse of discre-

---

[1] Any modification made by this Court of a support order dates back to the date of the appealed order. *Commonwealth ex rel. Sosiak v. Sosiak,* 177 Pa. Superior Ct. 116, 120, 111 A. 2d 157 (1955).

tion. The defendant's gross salary is $165 a week and his take home pay $134.33 a week. Mrs. Decker receives $115 a week take home pay from her employment. The hearing judge said he was not taking her wages into consideration. This was error. In setting the amount of a support order the court *must* consider a wife's separate earnings as one of the relevant circumstances. *Commonwealth ex rel. Borrow v. Borrow,* 199 Pa. Superior Ct. 592, 595, 185 A. 2d 605 (1962). After the order is paid, the defendant has a net income of approximately $70, and the wife a net income of approximately $180 a week. These figures ignore any additional order for the son's education.

The court below attempts to justify its order on the ground that the earning capacity[2] of the defendant is approximately $15,000 a year or $285 a week gross. The evidence does not support such finding. The defendant is employed by a family owned corporation and the court below quite properly pierced the corporate veil, *Commonwealth ex rel. Gutzeit v. Gutzeit,* 200 Pa. Superior Ct. 401, 406, 189 A. 2d 324 (1963), and examined closely and suspiciously the setting of the defendant's salary by his parents and him.

The corporation operates three stationery stores in downtown Philadelphia. In 1953, the father of the defendant, then 75 years of age, and having managed the business for many years, planned to retire. The defendant was elected president at a salary of $165 a week and an annual bonus of $6500, and the defendant agreed to purchase his father's stock for $75,000 payable over 15 years at $5,000 a year. The bonus was to supply the defendant with the money to pay his father

---

[2] See *Commonwealth ex rel. Zehring v. Zehring,* 186 Pa. Superior Ct. 393, 397, 398, 142 A. 2d 397 (1958); *Commonwealth ex rel. Hoffman v. Hoffman,* 184 Pa. Superior Ct. 500, 502, 135 A. 2d 822 (1957); *Commonwealth ex rel. Raitt v. Raitt,* 203 Pa. Superior Ct. 226, 228, 199 A. 2d 512 (1964).

for his stock in the corporation and the income tax on the bonus which the defendant would be required to pay. It was determined by the corporate officials that the company's earnings did not justify continuing the bonus after it had been paid for three years. The last payment was made in 1956. The father then transferred to the defendant 188½ shares of the stock for which he had received payment, and the agreement for further transfer of the stock and for the future bonus payments was cancelled. The father retained 410 shares. The defendant's brother has 80 shares. Thereafter, the defendant was paid only $165 a week. During most years of the past decade, and in the aggregate over the entire period, the corporation lost money. The father, whose business it was and who operated it for many years, received a salary of $3900 a year from the corporation and rent of $15,000 a year from it for one of the stores operated in a building owned by him. It is argued that these payments to the father of the defendant represented earnings of the business that should, at least in part, be treated as earnings of the defendant. No such conclusion would be justified, even were the rent excessive as the appellee contends.

Viewing the evidence in the light most favorable to the Commonwealth warrants no finding that the defendant earned or could earn $15,000 from this corporation or from anyone else during the period in question. There is not the slightest similarity between this case and Commonwealth ex rel. Gutzeit v. Gutzeit, supra, 200 Pa. Superior Ct. 401, 189 A. 2d 324 (1963), except that in both cases the defendant had an interest in a closely held corporation. It is quite evident that the Decker corporation is one of the many downtown merchants who has not prospered during the last decade, and that the defendant is not worth to the corporation, nor is he earning from or through the corporation, any substantial amount in excess of his salary of $165 per week.

As the court below considered the defendant's earning capacity in excess of his earnings, and as the earning potential of his $30,000 in capital must be considered, the order might properly be based upon an earning capacity *slightly* in excess of $165 per week.

An order for the support of a wife may not exceed one-third of the husband's earning capacity. *Commonwealth ex rel. Gutzeit v. Gutzeit,* supra, p. 408. Giving consideration to the maximum allowable and to the earnings of the wife, we think any order in excess of $45 per week cannot be supported.

The order for the support of the wife alone is modified to $45 per week from March 25, 1964. The order for the education of the son is modified to $150 per month for April and May of 1964 and for the months from September 1964 to June 1965, both inclusive, during which the son remains in college. Otherwise the order is vacated.