538

*Thomas A. Beckley,* for plaintiff.

*Marx S. Leopold,* for defendant.

SHELLEY, J., July 26, 1965.—Lorraine B. Fromm, age 26 and a school teacher by profession, brought an action of desertion and nonsupport [1] against her husband, LaRue Dean Fromm, Jr., who is 31 years of age and likewise engaged in the teaching profession. Both are presently employed in their professions. The parties were married June 10, 1961, and separated in August of 1964. The wife continued to live in the home until February 5, 1965, at which time she testified she was required by the legal owners, the husband's parents, to leave the house. The nonsupport action was instituted on May 22, 1965.

There was testimony to the effect that during the school year of 1964-65 the wife received salary amounting to $5,200 and the husband $6,000, and that for the year 1965-66 the wife expects to receive $5,700 and the husband $6,500.

The purpose of a support order is to provide reason-

---

[1] Act of June 24, 1939, P. L. 872, sec. 733, as amended, 18 PS §4733.

able support for a wife, not to penalize an erring husband: Commonwealth ex rel. Lazarou v. Lazarou, 180 Pa. Superior Ct. 342 (1956). The trial court is entitled to consider the husband's earning power, the nature and extent of his property and all attendant circumstances (Commonwealth v. Cooper, 183 Pa. Superior Ct. 36 (1956)), and should take into consideration the living expenses and income of both the husband and the wife: Commonwealth ex rel. Hrechany v. Hrechany, 201 Pa. Superior Ct. 159, 163 (1963). The fact that the wife has an earning capacity does not deprive her of her right to receive support from her husband (Commonwealth v. Kauffman, 199 Pa. Superior Ct. 375 (1962)), but the equities of the particular case may be such as to justify the court in refusing to allow the wife separate maintenance: Commonwealth v. Borrow, 199 Pa. Superior Ct. 592 (1962). The amount of the wife's separate earnings is one of the relevant factors to be considered in fixing the amount of a support order: Commonwealth ex rel. Decker v. Decker, 204 Pa. Superior Ct. 156 (1964). A proceeding for support cannot be used for the purpose of securing a wife's share of her husband's estate or for the purpose of recovering property to which she might otherwise be entitled: Commonwealth ex rel. Baugher v. Baugher, 5 Adams 104 (1957).

The record discloses that there is an equity action pending between the parties involving property rights,[2]

[2] Three days before the nonsupport action was instituted, i.e. on May 19, 1965, the wife brought an equity action against defendant, his parents and the bank who took a mortgage as security for money furnished by it for the construction of a house. Said proceedings are entered to equity docket, 1965, No. 2711. The complaint avers generally that the parties, prior to marriage, agreed to construct a home but were unable to finance the project. Thereupon, defendant's parents purchased a lot of ground and financed the construction of a house, which included a mortgage from a bank. The house was constructed and the parties resided therein until

from which we infer that each of the parties is interested in getting every material advantage possible from the wrecked marriage. The circumstances of this case remind us of what the dramaturgist has said, "Heaven has no rage like love to hatred turned. . . ." [3]

The hearing judge was of the opinion that the wife was not entitled under the circumstances to an order in any amount, and the only reason a token order was entered was to preclude the wife from instituting another support action at some later date and thus saddle defendant with an additional set of costs.

Orders in nonsupport cases are not final and may be increased, reduced or vacated if the financial condition of the parties changes: Commonwealth ex rel. Marvin v. Marvin, 193 Pa. Superior Ct. 179 (1960).

Under the circumstances, $5 a week for the support of the wife is proper and, accordingly, we enter the following

ORDER

And now, July 26, 1965, defendant, LaRue D. Fromm, Jr., is directed to pay to his wife, Lorraine B. Fromm, for her support, the sum of $5 per week and the costs of prosecution and to enter his own recognizance in the sum of $500 to comply with the order.

---

their separation. Upon payment of the mortgage to the bank, the parents were to transfer the property to the parties. The parties also acquired personal property by the entireties, which items included, among other things, a shower curtain, bath mat, artificial flower arrangement, bed slats for a single bed, nine wash cloths of assorted colors and towels to match, Kennedy Memorial issue of Life magazine, five bags of charcoal and three Professor Schnitzel records. The bill in equity asks for an accounting of all the moneys paid upon the mortgage indebtedness and to "order all the defendants . . . to pay to plaintiff an amount, the total of which shall equal the maximum amount, which, at any time, has been paid against the principal of the aforesaid mortgage", and demanded the delivery of items of personal property.

[3] The Mourning Bride, act III, scene 8, William Congreve; Bartlett's Familiar Quotations, 13th ed., page 298a.