## Commonwealth ex rel. Brown *v.* Weidner, Appellant.

Argued March 23, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Ray R. Brennen,* for appellant.

*Bernard B. Naef,* for appellee.

OPINION BY ERVIN, P. J., June 17, 1966:

This is an appeal from the refusal of the court below to vacate an order against the defendant for the

support of an 18-year old daughter who is now attending college. It presents a problem which has been coming frequently before us in recent years. This Court has never affirmed an order for the support of a child in college except where an agreement or an intention by the father to provide such support has been shown. We have strongly indicated that such an order should be made to help a child receive an education beyond high school when the child is able and willing to successfully pursue his course of studies and his father has sufficient estate, earning capacity or income to enable him to pay the order without undue hardship: *Com. ex rel. Ulmer v. Sommerville*, 200 Pa. Superior Ct. 640, 642, 644, 190 A. 2d 182; *Com. v. Camp*, 201 Pa. Superior Ct. 484, 487, 193 A. 2d 685; *Com. ex rel. Decker v. Decker*, 204 Pa. Superior Ct. 156, 160, 203 A. 2d 343.

The daughter in the present case is actually attending her first year in college and beyond any question has the capacity to acquire a college education. The only question for our determination is whether the father can be required to contribute toward her college education *without undue hardship*. This necessitates a study of all the facts and surrounding circumstances for an answer to the problem.

On April 9, 1963 Judge KENNETH H. KOCH (now President Judge of the Court of Common Pleas of Lehigh County) filed an opinion in a case involving this same father when support was sought for his son Gary, who was then 19, attending Penn State University. Judge KOCH stated: "An analysis of the testimony reveals also that the financial circumstances of the defendant does not warrant an order for the payment of college expenses. It appears that his net yearly earnings from a beverage distributing business are approximately $5000. His assistance in the support of an aged mother is another factor which persuades us that he is not of sufficient ability to warrant the

imposition of an order to provide for Gary." *Com. v. Weidner*, 30 Lehigh L. J. 184, 187.

The appellant and his first wife were married in September of 1942 and divorced in 1954. Three children were born of this marriage, Gary, age 22, Karen, age 20, and Diane, age 18. The appellant voluntarily supported Karen until she graduated from high school and became employed and no demand was made for any further support. Thereafter he continued to support Diane through her graduation from high school, until her 18th birthday. He then presented a petition for a rule requesting the court below to suspend the order which required him to pay $25.00 per week for the support of the daughter Diane.

Judge DONALD E. WIEAND, of the court below, by order dated November 5, 1965, denied the appellant's petition to suspend the order but reduced it to $12.00 per week and further continued the order to terminate "when the daughter, Diane, should become disenrolled by graduation or for other reasons from Pennsylvania State University." The appellant then filed the present appeal from that order.

An examination of the opinion of Judge KOCH filed April 9, 1963 in the support proceeding for the son Gary, shows that the net yearly earnings of the appellant from a beverage distributing business were approximately $5,000 and that the appellant was assisting in the support of his aged mother at that time. In the present case the net yearly earnings of the appellant from the beverage distributing business are approximately $7,000. He and his present wife continue to operate the beverage distributing business as partners, both working full time. The appellant is still regularly paying $100 a month toward the support of his 85-year old mother, with the further agreement to pay half the cost if the mother must go to a rest home. There was medical testimony to the effect that the ap-

pellant's health has deteriorated in the past year in that he has contracted pulmonary emphysema, which is a chronic condition for which there is no known cure and which will probably not improve. This condition of the appellant makes it necessary for his extra man to work twice as many hours as he used to work and it became necessary for the appellant to hire extra help.

The appellant testified that he has no real property, that he owns no stock or bonds, that his only insurance policy has been assigned for a loan in order to exercise the option to buy the business property and that he owes $7,000 to the bank and $3,284.70 to Penn-Securities, that he has a nominal savings account and that he lives with his present wife in an apartment and drives the same car he did in 1962.

The appellant, when asked whether he would like to see his daughter go to college, said: "I would like to if I was able but I think I have done my duty in this case. I did not break up this family. The daughter can get a nice job at $85.00 a week and I am going to be sixty years old. It's about time I get somewhere in my life myself. I have done my duty with these three children if any man has done it. I did not break up this home. It was broken up twice by her and him."

While we are in sympathy with the idea that a parent should be compelled to contribute to the college education of a child who has the ability to acquire an education, we do not believe that the facts and circumstances of the present case are such as to compel this father to do so without undue hardship to himself.

Order reversed.

DISSENTING OPINION BY JACOBS, J.:

This court has expressly stated that "(a)n order may be made against a father to help a child receive

an education beyond high school when the child is able and willing to successfully pursue his course of studies, and his father has sufficient estate, earning capacity or income to enable him to pay the order without undue hardship." *Commonwealth ex rel. Decker v. Decker,* 204 Pa. Superior Ct. 156, 160, 203 A. 2d 343 (1964).

The sole issue in this case is what this father's circumstances are. I would leave the determination of that factual issue to the court below who saw and heard the parties and was far better able to judge the father's financial situation than we are.

I respectfully dissent and would affirm the order.

WRIGHT, J., joins in this dissenting opinion.

---

DISSENTING OPINION BY HOFFMAN, J.:

I agree with Judge JACOBS that it is for the court below to determine the ability of the father to pay $12.00 a week to assure the college education of his daughter. The opinion of the lower court is sufficiently supported by competent evidence to warrant the order.

The lower court found that the business partnership of the father and his present wife had net earnings, before taxes, of $18,670.00. It is true that the father's present wife is not obligated to contribute to the support of his daughter by a prior marriage. Nonetheless, these figures do reflect that his present family is not dependent solely on the $7000.00 net income claimed by him.

The majority is also concerned with the fact that the father's health has deteriorated in the past year due to pulmonary emphysema, which is a condition with varying degrees of severity. In this case, the lower court found that, "at the time of the hearing, however, there was no evidence that his income had been or would be affected materially by this condition."

In addition, *Commonwealth v. Weidner,* 30 Lehigh L. J. 184 (1963), which involved this same father who

refused to pay support for his college-age son, should have no bearing on the instant case. In *Weidner* the court found that the son ". . . is not of sufficient ability to warrant the imposition of an order to provide for Gary. . . . The exercise of this defendant's judgment not to contribute to Gary's education is understandable in the light of his testimony that his son had failed to demonstrate a real interest in college work and that his attitude could not be characterized as benignant." In the instant case, however, there is no question as to the daughter's intellectual capacity. Indeed, a closer inspection of the 1963 support action reveals that the father, who at that time claimed a net income of $5000.00 and was supporting his aged mother, was ordered to pay support of $25.00 a week for this daughter who was then a high school student. I cannot understand, therefore, why a support order of $12.00 a week in 1966 is excessive, since he now claims a net income of $7000.00.

In my opinion, the majority has been too quick to find that the $12.00 a week support order would work an "undue hardship" on the father. In so doing, it fails to consider the vital importance of education, especially a college education, in our society.

In *Commonwealth v. Gilmore,* 97 Pa. Superior Ct. 303, 308 (1929), we recognized that "paternal duty involves, in addition to provision for mere physical needs, such instruction and education as may be necessary to fit the child reasonably to support itself and to be an element of strength, rather than one of weakness, in the social fabric of the state." We held in *Gilmore* that a father may be required to furnish an education beyond the minimum required by law to a child who is over the age of sixteen years. In that year, 1929, there was a ratio of 7.88 undergraduate resident degree-credit students enrolled in institutions of higher learning to every 100 persons aged 18-21. By 1963, the ratio had risen to

33.75 such students to every 100 persons aged 18-21. See Digest of Educational Statistics, U. S. Department of Health, Education, and Welfare, p. 77, Table 53 (1965 ed.). It has been projected that by 1974, the total degree-credit enrollment in all institutions of higher education would rise to 8,689,000 from the 1964 level of 4,950,173. See Projections of Educational Statistics to 1974-75, U. S. Department of Health, Education, and Welfare, p. 7, Table 4 (1965 ed.).

These statistics reflect the ever-increasing importance of higher education in our highly complex world. This education is not a luxury; it is a necessity for our young people of ability who are seeking to assume a useful, meaningful role in our society. The majority opinion, by implication, approves of the father's suggestion that the daughter should not attend college but should accept employment which is available to her at $85.00 a week. This approach is unrealistic in light of the increasing educational demands of employers. Perhaps the daughter could obtain employment at $85.00 a week at the present time. The opportunity for suitable employment in the future may be seriously impaired, however, if she is not provided presently with the necessary skills and training which will enable her to adjust to employers' changing standards and requirements. Only through higher education can we assure that our young, qualified people will continue to contribute to our society to the fullest extent of their abilities.

In summary, not only has the father failed to demonstrate undue hardship, but he has, in the past, paid double the amount of the present support order. The daughter is an outstanding student. The income of the father and his present wife for their support and maintenance is substantial. For these reasons I would not vacate the support order imposed by the lower court.