Commonwealth ex rel. Schearer *v.* Schearer, Appellant.

Argued June 21, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Edward A. Savastio,* with him *James A. Lynch,* for appellant.

*M. Mark Mendel,* with him *Harry Dunn,* and *Mendel, Killeen and Dubyn,* for appellee.

OPINION BY ERVIN, P. J., September 15, 1966:

This is an appeal from an order entered April 1, 1966 by the court below increasing a support order from $25.00 a week to $50.00 a week for Pamela Schearer, a daughter of the appellant.

Pamela was eighteen years of age on March 29, 1966 and was to graduate from Upper Darby Senior High School in June of 1966. She has been accepted at the Laboratory Institute of Fashion Merchandising in New York, the tuition of which is $1,395.00 per year. Pamela desires to reside, while attending the Institute, at the Barbizon Plaza Hotel, 63rd Street and Lexington Avenue, New York City, New York, the cost of which will be $1,875.00 per year, which sum does not include lunch nor any meals on the weekend. She will also be required to spend additional funds for books, transportation, daily lunch and all meals on the weekend.

Pamela has been in the top tenth of her high school class and is able and willing to successfully pursue her course of studies at the institute.

No agreement by the father to support the child in college has been shown.

Appellant, John P. Schearer, and Geraldine Schearer were married on June 12, 1947. Pamela was born of that marriage on March 29, 1948. The Schearers were divorced in 1954.

We repeat what we recently said in the case of *Com. ex rel. Brown v. Weidner,* 208 Pa. Superior Ct. 114, 220 A. 2d 382: "This Court has never affirmed an order for the support of a child in college except where an agreement or an intention by the father to provide such support has been shown. We have strongly indicated that such an order should be made to help a child receive an education beyond high school when the child is able and willing to successfully pursue his course of studies and his father has sufficient estate, earning capacity or income to enable him to pay the order without undue hardship: Com. ex rel. Ulmer v. Sommerville, 200 Pa. Superior Ct. 640, 642, 644, 190 A. 2d 182; Com. v. Camp, 201 Pa. Superior Ct. 484, 487, 193 A. 2d 685; Com. ex rel. Decker v. Decker, 204 Pa. Superior Ct. 156, 160, 203 A. 2d 343."

We must study all the facts and surrounding circumstances in order to determine whether the father would be subjected to undue hardship if compelled to pay this order. The only discussion as to the appellant's income in the opinion of the court below is in the following language: "John P. Schearer testified that he is in the florist business and that his income for the year 1964 was about $8,000.00. He further testified that his income in 1965 to November was $4,600.00 or $4,800.00 and that his average yearly income was $5,000.00 to $5,500.00."

The father remarried and in December 1963 he and his present wife purchased a home for $45,000.00, in which they now reside, at 170 Palmers Mill Road, Upper Providence Township. The appellant's contribution to the purchase of that home was $500.00. His present wife is employed as the manager of the Connelly Equipment Corporation and, as stated in the opinion of the court below, has considerable income in her own right.

The appellant has a store and apartment on Brookline Boulevard, Havertown, Pennsylvania, in which he conducts a florist business. He derives $96.00 per month rental from the apartment above the flower shop. He also owns some land in Upper Coventry Township on which he raises plants for his florist business. The appellant suffers from diabetes and hypertension and as a result of this condition cannot perform more work than he is now doing. His flower shop is run primarily by a manager and two helpers.

Geraldine Schearer, the former wife of appellant, is employed by the Lance Corporation and has a gross earning of $81.00 per week and a take-home pay of approximately $64.00 per week. Pamela Schearer, the daughter, is the beneficiary of a trust fund but the court below refused to hear testimony as to the nature and extent thereof. Appellant argues that this was error but we need not consider this question in view of our disposition of the case.

The court below recognized in its opinion that the present wife's income plays "some part in the respondent's high standard of living," and then indicated that it did not believe that the appellant was being completely candid about his own income. We have reviewed the record and cannot agree with the conclusion of the court below.

Under all the facts and circumstances of the present case, we are of the opinion that the appellant could

not be required to support his daughter in college without undue hardship to himself.

Order reversed.

JACOBS, J., dissents.

HOFFMAN, J., dissents for the reasons set forth in his dissenting opinion in *Commonwealth ex rel. Brown v. Weidner,* supra.