Emrick, Appellant, *v.* Emrick.

Argued November 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert L. Campbell,* with him *Fred Chalmers Houston,* and *Houston, Houston & Donnelly,* for appellant.

*James L. Bowman,* for appellee.

OPINION PER CURIAM, March 23, 1971:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant, Florence M. Emrick (mother) married appellee Edwin V. Emrick (father) in 1946. Subsequently five children were born to this marriage. Difficulties arose between the parties; and the marriage ended in divorce, which was granted by a Nevada Court in 1960. Both parties were present at the divorce proceeding.

Incorporated into the Decree of Divorce was an agreement between the parties, the pertinent sections of which are as follows:

"5. [The father] is hereby ordered to pay [the mother] for the support and maintenance of the said minor children, the sum of Seventy ($70.00) Dollars per month, per child, the first of which monthly payment shall be made on January 1, 1961, and to continue with respect to each child, until he or she reaches the age of 21 years, married [sic], dies, or is proved by [the father] to be self-supporting.

"8. [The father] is hereby ordered to provide a four-year college education for each of said children,

if commensurate with his ability to provide the same, but he shall, in his sole discretion, have the right to designate the college which each shall so attend at his expense."

Pursuant to the Nevada Divorce Decree and the earlier written agreement between the parties, the father paid $350.00 per month, without default, until two of his daughters reached twenty-one years of age. He is presently paying $210.00 per month as support for the three children still under twenty-one. However, he has refused to pay the educational expenses of his two daughters currently enrolled in college.

In order to enforce the father's obligation, the wife filed a petition for support along with a certified copy of the Nevada Divorce Decree in the Court of Common Pleas of Allegheny County. An answer was filed by the father alleging, *inter alia,* that he was without sufficient funds to provide for the college education of his children.

At a hearing held by the court below, testimony disclosed that the father's present *net* income is $11,325.00 per year and that he owns his own home free and clear of any mortgage obligation. The record further shows that, although the father is remarried, no children have been born to this second marriage.

The lower court entered an order requiring the father to pay $210.00 per month for the support of the three children still under twenty-one years of age. The court dismissed the claim for educational expenses.

Exceptions to the order of the lower court were filed by the wife. These exceptions were heard before a court en banc. That court determined that "there is no authority for the Family Division . . ., sitting en banc, to review the order of the hearing judge entered after hearing pursuant to the Civil Procedure Support Law," and that the proper procedure was for the wife

to appeal to this Court.[1]  From this decision, the instant appeal followed.

In Pennsylvania a father may be required to pay for the college education of his children where there is evidence that he voluntarily agreed to provide for such support. *Commonwealth ex rel. Smith v. Smith,* 217 Pa. Superior Ct. 1, 268 A. 2d 161 (1970); *Commonwealth ex rel. Howell v. Howell,* 198 Pa. Superior Ct. 396, 181 A. 2d 903 (1962).  Such an agreement will be construed so as to "adopt that interpretation which, under all the circumstances of the case, ascribes the most reasonable, probable, and natural conduct of the parties . . . ." *Wiegand v. Wiegand,* 349 Pa. 517, 520, 37 A. 2d 492, 494 (1944).

In addition, even where a prior agreement does not exist, a father may be required to support a child in college.  Such an order is justified where the child is "able and willing to successfully pursue his course of studies" and where the father has "sufficient estate, earning capacity or income to enable him to pay the order without undue hardship." *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa. Superior Ct. 640, 644, 190 A. 2d 182, 184 (1963). *Commonwealth ex rel. Larsen v. Larsen,* 211 Pa. Superior Ct. 30, 234 A. 2d 18 (1967); *Commonwealth ex rel. Schearer v. Schearer,* 208 Pa. Superior Ct. 196, 222 A. 2d 620 (1966). "Undue hardship" was further explained in *Commonwealth ex rel. Smith v. Smith,* supra.  In that case we said that though "a father may not be required to endure 'undue hardship' to send a child through college, . . . this does not mean that his liability for such college education is dependent on his being able to afford it

---

[1] I agree with the court en banc that a direct appeal from a support order is the proper procedure for an aggrieved party to follow.  Cf. *Commonwealth ex rel. Morgan v. Smith,* 429 Pa. 561, 241 A. 2d 531 (1968).

without making any personal sacrifices." 217 Pa. Superior Ct. at 5, 268 A. 2d at 164. It is impossible to formulate a mathematical rule to determine when a father may be required to support his children in college. The decision in each case is "a matter of judgment in a field where the judgments of sincere and advised men differ materially." *Commonwealth ex rel. Ulmer v. Sommerville,* supra at 644, 190 A. 2d at 184.

In the present case, the father voluntarily agreed to support the college education of his two children "if commensurate with his ability to provide the same." There is no question that the two daughters already attending college are "able and willing" to pursue their courses of study. The only question on appeal is whether the father is able to pay the cost of his children's education.

In this regard, it should be noted that the father successfully met his support obligation of $350.00 per month during the years when his net income was considerably less than it is at the present time. No evidence has been presented to show an adverse change of circumstances. To the contrary, the father's income has now substantially risen; his home is free and clear of any mortgage; and his obligation to pay support for his children has been decreased by $140.00 per month. In light of these circumstances, and especially since he agreed to pay if he was able, the father should be required to contribute at least a portion of the educational expenses of his children.

I would thus reverse the order of the court below and remand the record for proceedings consistent with this opinion.

CERCONE, J., joins in this dissenting opinion.