Commonwealth ex rel. Hanerkam *v.* Hanerkam,
Appellant.

Argued March 20, 1972. Before WRIGHT, P. J. WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE and PACKEL, JJ.

*Percy H. Sand,* with him *Sand, Gibbs & Smilk,* for appellant.

*Vincent J. LaBrasca,* with him *Francis T. Sbandi,* and *Fronefield, deFuria and Petrikin,* for appellee.

OPINION BY PACKEL, J., April 17, 1972:

A father appeals from the order of the court below requiring him to continue weekly support payments of $27.50 for an 18 year old daughter while she is attending college. No appeal was taken from the additional order to pay his wife for her support the weekly sum of $27.50. His weekly income at the time of the hearing was $96.

The parties were married in July of 1952. One child, Marie, was born to them on June 30, 1953. In July of 1965 they separated, and since that time the child has resided continuously with her mother.[1] Marie was graduated from high school and became 18 years of age in June of 1971. Appellee testified at the hearing that her daughter was enrolled for the fall term at Community College and that her expenses would be $212. per semester for tuition and $50. to $60. for books.

During the last decade our courts have evidenced an increasing awareness of the vital importance of a college degree in the modern highly competitive, industrialized society. This development was foreshadowed as long ago as 1929 in *Commonwealth v. Gilmore*, 97 Pa. Superior Ct. 303, 310, 312 (1929), where this Court held that a father may be required to furnish an education beyond the minimum required by law for a child over sixteen years of age: "It must thus appear that in this city and generation the law does recognize a legal duty upon the part of every father to give to his minor children an education, beyond the minimum required by law, in the public schools provided by the Commonwealth which reasonably accords to the fa-

---

[1] It should, also, be noted that appellant has not seen his daughter for approximately six years. He testified, without contradiction, that she told him over the telephone that she hated him and did not want to see him.

ther's financial ability and position in life and the child's ability, progress and prospects . . . . In a republic where every adult citizen has a share in public affairs, it becomes essential for the preservation of the State and the happiness of the people, that the citizens be acquainted with public affairs and be intelligent and to that end be educated to the highest extent possible."

Initially our courts imposed the duty to contribute toward the college education of a child who has reached 18 years of age only in cases involving a specific agreement by the father to furnish such education.[2] In *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa. Superior Ct. 640, 644, 190 A. 2d 182, 184 (1963), however, our Court departed from that position and held that a father may be obliged to provide such support in the absence of any agreement if (1) the child is able and willing to pursue his course of studies successfully and (2) the father has sufficient estate, earning capacity or income to enable him to pay the order without undue hardship, and in that regard stated: "We are not suggesting that a father should be required to support a child in college only when the father's income or estate is such that he could do so without making any personal sacrifices. Most parents who send a child to college sacrifice to do so. No mathematical rule can be formulated to determine how extensive the hardship upon a father must be before it will excuse him from supporting a child in college. It must be a

---

[2] For cases involving an agreement to provide a college education for a child see: *Commonwealth ex rel. Stomel v. Stomel*, 180 Pa. Superior Ct. 573, 119 A. 2d 597 (1956) ; *Commonwealth ex rel. Grossman v. Grossman*, 188 Pa. Superior Ct. 236, 146 A. 2d 315 (1958) ; *Commonwealth ex rel. Howell v. Howell*, 198 Pa. Superior Ct. 396, 181 A. 2d 903 (1962). For a case involving a specific agreement not to support a child during college see: *Commonwealth ex rel. Grossi v. Grossi*, 218 Pa. Superior Ct. 64, 272 A. 2d 239 (1970).

matter of judgment in a field where the judgments of sincere and advised men differ materially."

The appellant did not dispute his daughter's willingness and ability to pursue a college education. The parties had stipulated that there was no prior agreement or promise to furnish a college education. Thus, the trial court properly concluded that the sole question for its determination was whether appellant's contribution toward the education of his daughter would constitute undue hardship. The trial judge concluded that appellant had a greater earning capacity than his present income reflected so that the order was justified. We find the trial court's conclusion to be unsupported by the record.

Perhaps we would be persuaded by the trial court's reasoning based on earlier earnings, if we could find some evidence in the record that appellant *deliberately* reduced his income prior to the hearing in this case. The undisputed facts, however, establish that appellant's reduction of income was caused by a situation completely beyond his control—the recent death of his part-time employer. Also, the trial court was adversely affected by the fact that a trained laboratory technician was working as a bartender. When questioned about his attempts to obtain hospital employment, appellant stated there was no money in such work. Since no competent evidence was offered to refute this contention, the court's conclusion that his choice of jobs was an attempt to evade his support responsibilities was unwarranted.

Appellant testified to weekly expenses of $70—solely for necessities such as rent, food, utilities and transportation. Even if they were less, it is clear that it would constitute undue hardship for him to maintain himself at a most basic level and to meet weekly support obligations of $55. out of an income of $96.

Our courts have held that in setting the amount of a support order, the lower court must consider a wife's separate earnings as one of the relevant factors. *Commonwealth ex rel. Borrow v. Borrow*, 199 Pa. Superior Ct. 592, 185 A. 2d 605 (1962); *Commonwealth ex rel. Decker v. Decker*, 204 Pa. Superior Ct. 156, 203 A. 2d 343 (1964). Appellee testified that she was employed as director of medical records at a hospital at a weekly net salary of $143. She, also, itemized joint expenses for herself and her daughter amounting to $9,985. per year. This figure included various luxuries completely unavailable to appellant. While appellee must be commended for her hard work and perseverance in establishing a comfortable standard of living for herself and her daughter, appellant's required contribution represents a genuine hardship upon these facts.

Our Court has vacated support orders for the college education of a child who has reached 18 years of age in situations where the income and assets of the father far exceeded those of appellant in the present case. See, for example, *Commonwealth ex rel. Yannacone v. Yannacone*, 214 Pa. Superior Ct. 244, 251 A. 2d 694 (1969); *Commonwealth ex rel. Brown v. Weidner*, 208 Pa. Superior Ct. 114, 220 A. 2d 382 (1966); *Commonwealth ex rel. Schearer v. Schearer*, 208 Pa. Superior Ct. 196, 222 A. 2d 620 (1966).

We reiterate once again our strong approval of the policy which requires a father to continue to support a child who has the ability and incentive to pursue a college education even when the contribution involves some personal sacrifice on the part of the father. The potential availability to students of loans, grants or self-help by part-time or summer employment does not negate the duty of the parent but does merit cognizance thereof when a serious question of undue hardship is presented. Under the record facts of the present case,

however, the only proper conclusion is that compliance with the order by the father would constitute undue hardship.

Accordingly, the order of the court below requiring appellant to make weekly payments of $27.50 toward the support of his 18 year old daughter during her college career is vacated.