Commonwealth ex rel. Bacon *v.* Bacon, Appellant.

Argued March 24, 1972. Before Wright, P. J., Watkins, Jacobs, Hoffman, Spaulding, Cercone, and Packel, JJ.

*Roger B. Reynolds, Jr.,* with him *Roger B. Reynolds,* for appellant.

No oral argument was made nor brief submitted for appellee.

Opinion by Packel, J., June 15, 1972:

A father appeals from the order of the court below requiring him to make weekly support payments of $15

for a son while he is attending college.[1]  Three sons were born to the parties during their marriage.  They were divorced in July of 1967, and the father has since remarried.

Appellant suffers from a mental illness characterized as an anxiety neurosis.  During his first marriage he was hospitalized for two brief periods in mental hospitals and has continually remained under psychiatric care.  For five years prior to June 18, 1971, he was employed as an electronics engineer.  Thereafter, he received a disability retirement from the Federal Government.  This pension entitles him to yearly benefits in the net amount of $3,097.44.  In addition, he receives $2,000 of investment income each year.[2]  He is presently required to pay a total order of $50 out of a weekly net income of $98.

Appellant does not dispute his son's willingness and ability to pursue a college education.  His position is that the weekly payment of $15 constitutes an undue hardship under the circumstances of this case.  In *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa. Superior Ct. 640, 190 A. 2d 182 (1963), our Court held that a father may be obliged to support a child during his college career in the absence of an agreement if (1) the child is able and willing to pursue his course of studies successfully and (2) the father has sufficient estate, earning capacity or income to enable him to pay the order without undue hardship.

The trial court acknowledged that appellant's retirement represented a substantial change in circum-

---

[1] In addition, appellant seeks to challenge a corresponding weekly support order of $35 for a younger son in high school.  An examination of the record, however, reveals that he waived his right to raise this issue during the hearing in the court below.  Accordingly, we do not reach the contentions made in that regard.

[2] Appellant's assets include stocks with a market value of $50,000 and a $30,000 home encumbered by a $20,000 mortgage.

stances and, accordingly, reduced the previous order for the son in college from $35 to $15. It refused to suspend the order entirely, however, upon the ground that appellant still had a greater earning capacity because his retirement was somewhat voluntary and he was not totally disabled. We find this conclusion to be unwarranted in light of the record.

Estate, earning capacity and income are an important consideration but are not the sole criterion to be employed in determining whether an order to support a child in college is justified. *Commonwealth ex rel. Ulmer v. Sommerville, supra.* All of the attendant circumstances must be considered.[3] *Commonwealth ex rel. Rice v. Rice,* 206 Pa. Superior Ct. 393, 213 A. 2d 179 (1965). In the present case a long-standing neurosis necessitated appellant's retirement at the age of 50. The trial court itself noted that his illness appeared to be genuine and that his employability was drastically reduced. On previous occasions our Court has recognized physical disability as a contributing factor in cases of undue hardship. *Commonwealth ex rel. Brown v. Weidner,* 208 Pa. Superior Ct. 114, 220 A. 2d 382 (1966); *Commonwealth ex rel. Schearer v. Schearer,* 208 Pa. Superior Ct. 196, 222 A. 2d 620 (1966).

In *Commonwealth ex rel. Hanerkam v. Hanerkam,* 221 Pa. Superior Ct. 182, 186, 289 A. 2d 742, 744-45 (1972) we stated: "We reiterate once again our strong approval of the policy which requires a father to continue to support a child who has the ability and incentive to pursue a college education even when the contribution involves some personal sacrifice on the part of

---

[3] The trial court properly considered the separate earnings of appellant's first wife as a relevant factor in fixing the amount of the support order. *Commonwealth ex rel. Borrow v. Borrow,* 199 Pa. Superior Ct. 592, 185 A. 2d 605 (1962). She testified that she was receiving a yearly gross salary of $16,040 as an employee of the United States Government.

the father. The potential availability to students of loans, grants or self-help by part-time or summer employment does not negate the duty of the parent but does merit cognizance thereof when a serious question of undue hardship is presented." The present case involves an individual whose ability to function is seriously impaired by a mental illness. This undisputed fact coupled with appellant's continuing obligation to pay a $35 weekly support order out of an income of $98 persuades us that compliance with the $15 order constitutes undue hardship.

Accordingly, the order of the court below requiring appellant to make weekly payments of $15 toward the support of his son during his college career is vacated.

WRIGHT, P. J., would affirm on the opinion of Judge HONEYMAN.