## Commonwealth ex rel. Turner *v.* Turner, Appellant.

Argued March 25, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Lawrence Prattis,* for appellant.

*Alfred D. Whitman,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1960:

In this appeal by defendant-husband from an order of support for his wife and child, the only questions that need consideration are the sufficiency of the evidence to support the finding of the lower court that there was a failure of support and the reasonableness of the order. The fact that the parties were living together is no defense. *Commonwealth v. Peters,* 178 Pa. Superior Ct. 82, 113 A. 2d 327.

The testimony, which we have examined in the original record, discloses that both parties worked, the wife making $42.00 per week (net), and the husband, $77.50 (net). However, the husband-appellant made no effort to provide support for his wife and child except to pay the rent for their apartment. In three weeks he gave his wife $9.00 from his income. Because of this situation, the wife and child ate their meals at the home of the wife's mother and from the wife's income she paid for all of their food, clothes, and medical needs, and, in addition, paid a baby-sitter $10.00 per week so that she could continue to work. The husband claimed that his income was used to pay for and maintain an automobile and to meet payments on other loans and premiums on insurance. However, the total

specific amounts spent for these items and the rent is $228.54, whereas his net earnings are much higher. On the basis of this testimony, the defendant was properly chargeable with nonsupport, which made him subject to the order of the lower court.

The amount of the order, $30.00 per week, is not unreasonable since it contemplates not only support for the wife and child but also board for the husband, who likewise had been eating elsewhere. Although courts are not empowered to reach into the home and determine how a husband's earnings are to be expended, *Commonwealth v. George,* 358 Pa. 118, 123, 56 A. 2d 228, where nonsupport is found to exist the court may use broad discretion in making an appropriate order and take into its consideration the many factors that affect family life. *Jones v. Jones,* 348 Pa. 411, 35 A. 2d 270. This was done by Judge GILBERT in this case as he analyzed the situation in his opinion. Therein, he went to great length to equalize the income and expenditures of each of the litigants and to arrive at a fair allowance to the wife, on the condition which he imposed, viz., that, since they were living together, she should provide the meals for her husband as well as for herself and child and thus work economies that would be beneficial to both.

Order affirmed.