## Commonwealth ex rel. Gauby *v.* Gauby, Appellant.

Argued March 24, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Bernard Mendelsohn,* with him *Baskin & Mendelsohn,* for appellant.

*James M. Potter,* with him *Liever, Hyman & Potter,* for appellee.

OPINION BY WATKINS, J., April 13, 1972:

This is an appeal from the order of the Court of Common Pleas of Berks County entered in favor of the wife-plaintiff-appellee, Shirley Gauby, and against the husband-defendant-appellant, Marvin Gauby, in the amount of $45.00 per week.

The appellant contends that the court below committed an error of law in awarding support to the wife when the parties were living together in the jointly-owned property.

Both parties testified that the family, consisting of the husband, wife and two children lived together at R.D. #3, Fleetwood, Pennsylvania. The wife complains that he stayed away from home a great deal, but he contends that he drives 2800 to 3000 miles each week as a truck driver and is required to stay away from home many nights.

The record indicates that up to August, 1971, the wife handled the money of the family and it was when the husband took control of the financial affairs of the family that this action was brought by the wife. The wife complains of another woman, but the proof in the record is sparse concerning the relationship. She complains that he bought a woman in Carlisle, Pennsylvania, a vacuum sweeper and a large number of phone calls were made to that city. The court found that he gave the wife $30.00 per week for food, clothing and utilities.

The question before this Court on appeal is whether there are sufficient circumstances to except it from the general rule that the court will not reach into the home to determine the manner in which the earnings of a husband should be expended where the parties

were living together. *Commonwealth ex rel. Glenn v. Glenn,* 208 Pa. Superior Ct. 206, 222 A. 2d 465 (1966). In the *Glenn* case, we said at page 211: "To summarize, entirely absent in this case are the usual accusations of excessive drinking, gambling, and extramarital affairs. About the worst that can be said of this hardworking husband is that he did not spend his money as his wife thought it should be spent. We do not favor complete abdication by the husband and father of his role as head of the household. The testimony in the case at bar does not indicate that the children were undernourished or poorly clothed. There is nothing to show that they have been deprived of necessary medical and dental services. In short, the record is devoid of sufficient evidence to establish actual neglect to maintain." In *Commonwealth v. George,* 358 Pa. 118, 123, 56 A. 2d 228 (1948), the Supreme Court said at page 123: "The arm of the court is not empowered to reach into the home and to determine the manner in which the earnings of a husband shall be expended where he has neither deserted his wife without cause nor neglected to support her and their children. . . . The statute was never intended to constitute a court a sounding board for domestic financial disagreements, nor a board of arbitration to determine the extent to which a husband is required to recognize the budget suggested by the wife or her demands for control over the purse strings. . . ."

The court below relied on *Commonwealth ex rel. Turner v. Turner,* 192 Pa. Superior Ct. 502, 161 A. 2d 922 (1960), where this court allowed the entry of support where the parties were living together. In that case the husband only contributed to the table a payment of $9.00 in a three week period. The wife and children had to eat their meals at the wife's mother's home.

It is interesting to note that WOODSIDE, J., who wrote the *Turner* opinion, in *Commonwealth ex rel. Hamilton v. Hamilton,* 199 Pa. Superior Ct. 255, 184 A. 2d 361 (1962), in a concurring opinion, said at page 261:

". . . The law does not contemplate that the courts should attempt to solve the financial difficulties of the husband and wife who are living together.

"Although the majority has advanced sufficient reasons for reversing the order of support after it examined the family financial problems, I believe the order should be set aside solely on the more basic ground that the court should not attempt to allocate the husband's pay check to the family bills when the husband and wife are living together. This, it seems to me, is the rule established by Commonwealth v. George, 358 Pa. 118, 123, 56 A. 2d 228 (1948). This rule might be subject to a few exceptions, as, for example, where a husband and father has been regularly drinking his pay before paying the grocer, but certainly the case before us here has nothing to take it out of the general rule. . . ." This reasoning was confirmed in *Commonwealth ex rel. Glenn v. Glenn,* supra, at pages 208-209.

In *Commonwealth ex rel. Mitterling v. Mitterling,* 201 Pa. Superior Ct. 538, 193 A. 2d 618 (1963), at page 542, it was pointed out that this rule is based on practical considerations. "It is impractical, if not impossible, for a court to take sufficient testimony on specific expenditures for living expenses to make an intelligent finding on the adequacy of the support furnished by the head of a household to the other members of the household."

This record does not present such obvious neglect as to take the case out of the general rule. There was no finding of desertion and the testimony concerning the other woman did not rise much above innuendo. This is the kind of case where the court is reaching into the

home in an attempt to allocate the husband's pay check to the family bills when they are living together. *Commonwealth ex rel. Glenn v. Glenn,* supra; *Commonwealth ex rel. Mitterling v. Mitterling,* supra; *Commonwealth ex rel. Tizer v. Tizer,* 214 Pa. Superior Ct. 444, 450, 257 A. 2d 683 (1969). Under the circumstances set forth in this record, the entry for an order of support was an error of law.

Order reversed.