## DiPadova *v.* DiPadova, Appellant.

Argued November 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Lawrence G. Zurawsky,* with him *R. H. Buchman,* and *Thomas E. Rodgers,* for appellant.

*Joseph M. Loughran,* with him *Loughran & Loughran,* for appellee.

OPINION PER CURIAM, March 27, 1973:

Appellant husband was ordered to pay for the support of appellee wife and their two children, despite the fact that at the time of the hearing in the court below appellee and the children were residing in the same household as appellant.[1] Appellant contends that *Commonwealth v. George,* 358 Pa. 118, 56 A. 2d 228 (1948), standing for the proposition that where a husband and wife (and their children) are living together in the same household and the husband provides the necessaries for that household the courts will not direct the husband to pay support nor become a sounding board for domestic financial disagreements, is controlling here. We disagree with appellant's argument and agree with the trial court (Judge Richard E. McCORMICK) that the instant case is not controlled by the *George* case.

The opinion in *George* specifically states that: "We are not now required to determine the power of a court to enter an order where, although the parties reside under the same roof, the husband neglects or refuses to provide food, clothing and reasonable medical attention

---

[1] Although it is not a fact of record, both parties' briefs state that appellee has since removed herself and the children from the family domicile. Appellee's brief asserts that this move was made financially possible by an allocation from the Pennsylvania Department of Welfare.

to his wife and family." 358 Pa. at 124. The trial judge implicitly concluded that the facts here place the case within the intent of this exception, holding that: "The husband here has decided that he will support his family in the manner that he decides. He also pursued a course of conduct that degrades and humiliates his wife forcing her to stay in the same household if she is to live and eat overlooking his transgressions just so that she can survive. This Court does not believe that she must do this. If she chooses to go her own way with her children, he must support her all the same." (R. 13a). We agree with the lower court and, after carefully reviewing the record, hold that the instant case is distinguishable from *George* on its facts.

The order of the court below is affirmed.

CERCONE, J., dissents.