Scuro *v.* Scuro, Appellant.

Argued November 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Louis Vaira,* with him *Frank D. DiCenzo,* for appellant.

*John L. Bailey,* for appellee.

OPINION BY JACOBS, J., April 3, 1974:

In this appeal by a husband from an order directing him to pay $300 per month for the support of his wife the appellant advances two arguments. He claims that the wife, in a separate divorce proceeding, was found to

have committed adultery and for that reason is not entitled to support. He also argues that, since the parties were at all times living together and the husband was supporting the wife, she is not entitled to support.

We cannot give any consideration on appeal to the defense of adultery because it was never raised in, or considered by, the court below. *Altman v. Ryan*, 435 Pa. 401, 257 A.2d 583 (1969).

However, the transcript of the hearing reveals that at that time the parties were living together in their jointly-owned house, with the husband paying all the bills and giving his wife $20 per week. Under those circumstances, the appellant was not neglecting to maintain his wife and could not be subjected to an order.

This case is controlled by *Commonwealth v. George*, 358 Pa. 118, 56 A.2d 228 (1948). In that case the parties were living together and it was said: "[W]here, as here, the husband provides a home, food, clothing and reasonable medical attention, he cannot be directed to pay a given stipend to the wife so that she may have it available for her own personal disposition." *Id.* at 124, 56 A.2d at 231. That holding has been followed by us in *Commonwealth ex rel. Glenn v. Glenn*, 208 Pa. Superior Ct. 206, 222 A.2d 465 (1966), and *Commonwealth ex rel. Gauby v. Gauby*, 223 Pa. Superior Ct. 92, 289 A.2d 745 (1972).

The fact that this proceeding was brought under The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P. L. 431, 62 P.S. §2043.31 *et seq.*, does not alter our holding. Although *Commonwealth v. George*, supra, and the cases following it were based on the obligation to support as prescribed by §733 of the Act of June 24, 1939, P. L. 872, 18 P.S. §4733,[1] the

---

[1] *Repealed*, Act of December 6, 1972, P. L. 1482, No. 334, §5, *eff.* June 6, 1973. For a successor provision, see §4322 of the Crimes

obligation involved here is the same. In *Commonwealth ex rel. Krouse v. Krouse*, 221 Pa. Superior Ct. 13, 289 A.2d 233 (1972), we determined that The Pennsylvania Civil Procedural Support Law provided no substantive rights and that such rights were in that case to be determined under the common law and the above-cited Act of 1939.

Order reversed.

Code, Act of December 6, 1972, P. L. 1482, No. 334, §1, 18 Pa. C.S. §4322. The prior law would remain applicable in the present case. *See* Act of December 6, 1972, P. L. 1482, No. 334, §2.