413 A.2d 721

**COMMONWEALTH of Pennsylvania ex rel. Charlotte GOLDSTEIN,**

v.

**Gilbert GOLDSTEIN.**

**Appeal of Charlotte GOLDSTEIN.**

Superior Court of Pennsylvania.

Submitted March 21, 1979.

Filed Nov. 2, 1979.

Albert Momjian, Philadelphia, for appellant.

Anthony S. Minisi, Philadelphia, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County denying support to appellant, Charlotte Goldstein. We affirm the decision of the lower court.

The parties, Charlotte and Gilbert Goldstein, were married in 1972 and reside in a fashionable condominium in Rittenhouse Square, Philadelphia. In the summer of 1977, Char-

lotte was staying in Atlantic City while Gilbert was ill and living with his mother. Gilbert asked Charlotte to return home but she refused. Gilbert then announced that the parties were separated, and upon Charlotte's return, they no longer shared a common bedroom. However, Gilbert made repeated attempts toward a reconciliation, the parties consulting a marriage counselor once with Charlotte refusing to return for additional counselling. The parties continued to reside in the same condominium, but in separate bedrooms, when Charlotte sued Gilbert for support alleging that he had discontinued her monthly allowance of $1000 and, therefore, was not supporting her in the manner in which she was accustomed during their marriage.

The lower court judge decided that the most efficient way to obtain the necessary information was through depositions which were taken and considered as evidence by the court. After a thorough review of the evidence on depositions, the lower court judge concluded that the case of *Commonwealth v. George*, 358 Pa. 118, 56 A.2d 228 (1948) was applicable in the instant matter and that Gilbert was supplying Charlotte with all the essentials required to maintain her standard of living. This finding coupled with the fact of Charlotte's independent assets as disclosed in the depositions did not permit the court to enter a support award. Finally, the trial judge concluded that even if *Commonwealth v. George*, supra, did not apply, Charlotte has no grounds for support based on her contention that the parties were separated merely on her husband's separation statement of 1977, despite his repeated attempts to reconcile.

■ Although appellant raises three issues in her brief,[1] all three revolve around the question of whether appellant has

1. The three issues as stated by appellant are:
 "(1) Whether the principle set forth in *Commonwealth v. George* should be applied in a broken marriage situation where the parties are no longer living together as husband and wife although they continue to reside physically under the same roof.
 (2) Whether, after the breakdown of marital relations, a husband is required to continue to support his dependent spouse in the same manner and lifestyle in which he had been supporting her and as to

a right to support while living under the same roof with her husband. Our appellate review of such an issue is narrowly defined, and we will not disturb the findings of the lower court absent a clear abuse of discretion. *Commonwealth v. Turner*, 258 Pa.Super. 388, 392 A.2d 848 (1978); *Commonwealth ex rel. Levy v. Levy*, 240 Pa.Super. 168, 361 A.2d 781 (1976). We find that the lower court judge did not abuse his discretion in this case, but made a well-reasoned decision based on the evidence before him.

In *Commonwealth v. George*, 358 Pa. 118, 56 A.2d 228 (1948), a wife brought a criminal support action alleging that she and her children were being neglected even though they resided within the same home with the husband-father. The wife admitted that they lived well, had maid service three days each week and that she could entertain guests in the home when she pleased. Her major objection was that her husband controlled the expenditure of his income too strictly. *Id.*, 358 Pa. at 121, 56 A.2d 228. In answer to the wife's allegations, the court said:

"This record established that appellant has provided adequate shelter, food, clothing and reasonable medical attention. It presents conflicting concepts of family financial management. Prosecutrix does not suggest that appellant cease his present performance but desires to secure in addition thereto a monthly allowance for herself of $300. Her charges of 'neglect to maintain' are general and their weight greatly lessened by her testimony in cross-examination. That the wife is not receiving that degree of control over her husband's income to which she feels

which she had become accustomed prior to the breakdown of marital relations absent a finding that she lacks entitlement to receive support and notwithstanding the fact that the parties physically occupy the same residence.

(3) Whether the Court below erred in refusing to consider evidence of husband's income, earnings, earning capacity, assets, and business interests in connection with its finding that husband is adequately supporting his wife."

entitled does not establish 'neglect' within the meaning of the law."

In construing the relevant statute[2] further, the court said: "The arm of the court is not empowered to reach into the home and to determine the manner in which the earnings of a husband shall be expended where he has neither deserted his wife without cause nor neglected to support her and their children. In the absence of evidence legally sufficient to support a finding of either essentials the court is without power to enter an order upon the the husband directing payment to the wife of any amount. The statute was never intended to constitute a court a sounding board for domestic financial disagreements, nor a board of arbitration to determine the extent to which a husband is required to recognize the budget suggested by the wife or her demands for control over the purse strings." *Id.*, 358 Pa. at 123, 56 A.2d at 231.

Based on the facts of the case, the *George* court denied the right of support to the wife and concluded:

"We decide only that where, as here, the husband provides a home, food, clothing and reasonable medical attention, he cannot be directed to pay a given stipend to the wife so that she may have it available for her own personal disposition. The method whereby a husband secures to his wife and family the necessities of life is not a proper subject for judicial consideration and determination in the absence of proof of desertion without cause or neglect to maintain." *Id.*, 358 Pa. at 124, 56 A.2d at 231.

Since the *George* case was decided, our courts have cited its rule with approval. For example, in *Scuro v. Scuro,* 226 Pa.Super. 592, 323 A.2d 49 (1974), a husband and wife were living together in a jointly owned home. The husband was paying all the bills and giving the wife $20.00 per week. Our court decided that the case was controlled by *Common-*

2. The statute construed in *Commonwealth v. George,* supra, was the Act of 1939, P.L. 872, § 733, 18 P.S. § 4733, which has since been repealed. *See now,* Crimes Code, 18 Pa.C.S. § 4322 (1973) for similar provisions presently in effect. *See also Scuro v. Scuro,* 226 Pa.Super. 592, 594, 323 A.2d 49, 50 (1974).

*wealth v. George* and held that "[u]nder those circumstances, the appellant was not neglecting to maintain his wife and could not be subjected to an order." 226 Pa.Super. at 593, 323 A.2d at 49. See also *Commonwealth ex rel. Gauby v. Gauby*, 223 Pa.Super. 92, 289 A.2d 745 (1972); *Commonwealth ex rel. Glenn v. Glenn*, 208 Pa.Super. 206, 222 A.2d 465 (1966).

■ The same reasoning is applicable to the instant case. Gilbert Goldstein pays for all the household expenses including food, rent, utilities, maid service, clothing,[3] medical expenses and insurance. Charlotte has credit at two food stores, three of the finest restaurants in Philadelphia, and three large department stores, the bills from which Gilbert continues to pay.[4] Based on these facts, we conclude that Gilbert is not neglecting to support his wife in any way upon which we could grant relief.

Appellant argues that although she is receiving these items from Gilbert, she still is not being supported in the manner to which she has grown accustomed. However, in light of the funds she presently receives from Gilbert, plus the additional income she collects from her independent assets,[5] it is impossible to conclude that Charlotte is "neglected" under the statute. It is true that some of our cases have allowed a support order where the parties are living in the same home. *DiPadova v. DiPadova*, 223 Pa.Super. 408, 302 A.2d 510 (1972); *Commonwealth ex rel. Turner v. Turner*, 192 Pa.Super. 502, 161 A.2d 922 (1960). However, these cases involved extreme neglect where the wife and children were not receiving adequate food and housing. To the

3. Gilbert has insisted that the clothing bills be reasonable and therefore refused to pay for a suit purchased by Charlotte for her son by a prior marriage.

4. The lower court opinion insists that Charlotte is being paid $100.00 per week spending money in addition to the necessities she receives. However, our review of the record reveals these payments ceased as of August 12, 1977.

5. The lower court judge calculated appellant's annual independent income from the dividends and interest on her assets and other sources to be in excess of $5,000.00, free of taxes which Gilbert pays.

contrary, appellant lives in one of the best residential neighborhoods in Philadelphia and receives all the conveniences and services necessary to maintain her living there. In *Scuro v. Scuro, supra,* we invoked the *George* rule and held that no support order would issue where the wife received all the necessities plus $20.00 per week. The *George* rule is applicable here. The appellant in this case is not entitled to an order of support, because she is receiving more than adequate comfort.

 Finally, we agree with the reasoning of the lower court that appellant has not made out a case for support even absent the *George* rule. The law in this area states that although a wife attempting to procure a support order following a nonconsensual, voluntary withdrawal from the common abode need not present grounds for leaving her husband that would entitle her to a divorce, she must at least show she withdrew for a reasonable cause. *Commonwealth ex rel. Halderman v. Halderman,* 230 Pa.Super. 125, 326 A.2d 908 (1974). In the instant case, appellant has not deemed it necessary to leave the marital domicile, but only to leave the marital bedroom based on the "separation" conversation the parties had in August, 1977. This "separation" statement alone is not sufficient evidence to prove a reasonable cause upon which Charlotte based her claim to a support order, especially in light of Gilbert's repeated attempts at reconciliation. Charlotte's refusal to accept Gilbert's bona fide offers of reconciliation [6] is enough to deny her right of support. *Commonwealth ex rel. Brown v. Brown,* 195 Pa.Super. 324, 171 A.2d 833 (1961); *Common-*

**6.** Conversely, Charlotte said she would only reconcile if the following monetary demands were met by Gilbert to which he would not agree:
"$400 a week spending money
A $50,000.00 annuity
$20,000.00 for furniture
That he continue to support Diane at college and generally
That he will allow her wide use of various credit cards (Some paid totally by him; some paid partially out of her allowance)
Ten overnight trips a year to New York at her discretion
Unlimited trips, at her discretion to Florida
Purchase a wedding ring"

*wealth ex rel. Lubanski v. Lubanski*, 165 Pa.Super. 603, 69 A.2d 440 (1950).

Order of the lower court dismissing appellant's petition for support affirmed.