419 A.2d 741

**COMMONWEALTH ex rel. Marie POWELSON**

v.

**Wallace POWELSON, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 1979.

Filed April 25, 1980.

Drew Salaman, Philadelphia, for appellant.

Robert Weiner, Philadelphia, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

This is a support case in which the husband and wife have chosen to remain in the home together. However, this decision has not lessened their controversy, instead it has made it more bitter because each accuses the other of doing petty things of an annoying nature.

The husband accuses the wife of "going on strike" as far as her household duties are concerned. The wife retaliates by claiming a "lock out" as far as her husband's willingness to provide her with food and other necessaries. The testimony concerning the controversies is lengthy but need not be reviewed in detail for the purposes of this opinion.

Judge Honeyman, who handled this matter at the hearing level, concluded that "the husband has almost totally failed to provide food for the wife."

From these facts Judge Honeyman decided: "He (husband) cannot be heard to contend that he is adequately supporting his wife by simply providing shelter for her and paying the utilities. Therefore, the Court concludes that the wife is entitled to an order of support."

■ The hearing judge has the best opportunity to decide the facts since he observes the witnesses and can best pass on their credibility. *Gehres v. Gehres*, 233 Pa.Super. 144, 334 A.2d 753 (1975); *Uhlinger v. Uhlinger*, 169 Pa.Super. 574, 83 A.2d 423 (1951). Certainly the findings of the trial judge based on credibility should not be reversed by the appellate court unless there is a capricious disregard of competent evidence.

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, are sitting by designation.

■ While the appellant may point to conflicting testimony on the issue of support, we believe that Judge Honeyman was correct in reaching his conclusion that support should be paid by the husband to the wife.

The real problem in this case is a procedural one which followed the court's finding of entitlement.

The opinion of the lower court indicates that on August 29, 1978 extended testimony was received but the hearing was not concluded and a new hearing was scheduled. Subsequently, counsel for the parties filed a stipulation with the court dated November 17, 1978, wherein they agreed to submit the issue of entitlement on the strength of the record of the August 29, 1978 hearing.

■ Based on this stipulation the court properly ruled on the question of entitlement. In addition to his, however, the court also decided the question of the amount of the order.

In its opinion the lower court indicates the basis for the amount of the support order by stating: "Although testimony as to the financial data was not formally received, under oath, by the court, there appears to be little, if any, question as to the accuracy of the data at the preliminary conference. Therefore, the court will enter an order of support based on such data."[1]

The court then entered an order of $27.00. This was the result of deducting from the wife's $112.00 weekly expenses the amount of her net earnings of $85.00.

Appellant argues that the court erred in determining the amount of the support order without a formal hearing which would afford the opportunity to present evidence of the wife's earning capacity, as well as other possible matters. Since the wife no longer functions as a housewife, appellant contends her available time as a stenographer should increase and therefore her earning capacity should be considered by the court.

In *White v. White*, 226 Pa.Super. 499, 313 A.2d 776 (1973) 226 Pa.Super. at page 504, 313 A.2d at page 780, the court states:

1. Opinion of lower court, pg. 2.

In the interest of fairness and with consistency in mind, we see no reason why, in this day and age, a court must limit its inquiry to the wife's earnings. Under the appropriate circumstances, a wife's earning capacity may be a material factor in arriving at a reasonable support order.

It is necessary that the support order be vacated as to its amount so the lower court can hold a hearing to determine the amount of such order. The question of entitlement was properly decided by the lower court and that issue need not be reconsidered.