**Frey v. Frey**

*Gary D. Wilt,* for plaintiff.
*James M. Schall,* for defendant.

EPPINGER, *P.J.,* February 27, 1981—Pamela and Steven Frey were married in 1968. They are still living in the same house with their two minor children, Heather and Jennifer, but apparently the parents are living in separate sections. Pamela has filed a divorce complaint. Count IV alleges neglect and refusal by defendant to provide proper support for herself and the children, based on The Pennsylvania Civil Procedural Support Law of July 13, 1953, P.L. 431, 62 P.S. §2043.31 et seq. [See now, Judicial Code, 42 Pa.C.S.A. §6701 et seq.] What she claims is that she is receiving inadequate, support from her husband, defendant.

Both parties are employed by the. Tuscarora Intermediate Unit, she part-time teaching preschool handicapped children and he on a full-time basis. She is paid by the hour, having a reported average gross weekly income of $184 during the school year. With appropriate deductions, we conclude that over a year her net weekly income is $120. Steven has a net weekly take home pay of $242.

It was clear from the evidence that somewhere along the line the parties agreed that they would share the household expenses half and half and apparently that is what has happened. This arrangement covers the mortgage, utilities and other charges in connection with maintaining their fully-furnished residence. Medical coverage for the entire family is provided by Steven through his employment. He has contributed to the cost of caring for the children while both parents work, and re-

cently paid $200 for braces for one daughter. He has offered to purchase other items and the offers have been refused by Pamela.

What this case comes down to is that Pamela apparently rues her bargain. However, she did not show that Steven in any way imposed it upon her or forced her into it. From an equitable point of view, it would have been better had they agreed for her to pay 33 percent of the expenses and for him to pay 67 percent of the expenses. She makes 33 percent of the total income, he 67 percent. But that did not happen. Pamela wants $120 each week from Steven and will agree to pay all of the expenses.

The matter could be resolved if the parties would renegotiate their agreement and come up with something approaching the ratio of their net earnings. Or, if defendant gave the wife $61 a week, then each would have $181 and they could continue with their agreement and it would all balance out.

These are possible solutions to the problem. But defendant contends that we have no right to make any order, citing Com. v. George, 358 Pa. 118, 124, 56 A. 2d 228 (1948), in which the court said: "[W]here, as here, the husband provides a home, food, clothing and reasonable medical attention, he cannot be directed to pay a given stipend to the wife so that she may have it available for her own personal disposition." The court made it clear that there is an exception where the parties were living together and the husband neglects or refuses to provide food, clothing and reasonable medical attention.

In Com. ex rel. Glenn v. Glenn, 208 Pa. Superior Ct. 206, 222 A. 2d 465 (1966), we are told to look for evidence that the children are undernourished or poorly clothed or that they have been deprived of

necessary medical and dental services. There was no evidence of this kind at all.

Where the parties are separated, the cases cited by plaintiff indicate that child support expenses should be borne equitably by the parties, and in accordance with their ability to contribute: Com. ex rel. Lyle v. Lyle, 248 Pa. Superior Ct. 458, 375 A. 2d 187 (1977); Shapera v. Levitt, 260 Pa. Superior Ct. 447, 394 A. 2d 1011 (1978); Conway v. Dana, 456 Pa. 536, 318 A. 2d 324 (1974); and Com. ex rel. Buonocore v. Buonocore, 235 Pa. Superior Ct. 66, 340 A. 2d 579 (1975). However, as plaintiff points out in her brief, there is a separate line of cases, among them George, supra, and Scuro v. Scuro, 226 Pa. Superior Ct. 592, 323 A. 2d 49 (1974), which applies where the parties are living together.

In Com. ex rel. Mitterling v. Mitterling, 201 Pa. Superior Ct. 538, 542, 193 A. 2d 618, 620 (1963), Judge Woodside said where the parties are not separated: "It is impractical, if not impossible, for a court to take sufficient testimony on specific expenditures for living expenses to make an intelligent finding on the adequacy of the support furnished by the [husband] to the other members of the household." To make a distinction he said that where the parties are separated and the husband is contributing cash for the children's living expenses and those payments are inadequate, the court should then enter an order for the proper amount.

There are situations where the parties are living together and the court has ordered a husband to pay support. One is DiPadova v. DiPadova, 223 Pa. Superior Ct. 408, 302 A. 2d 510 (1973), which comes under the George exception. There defendant decided to support his family as he chose and degraded and humiliated his wife, forcing her to

stay with him and overlook his transgressions if she wanted to survive. In Com. ex rel. Turner v. Turner, 192 Pa. Superior Ct. 502, 161 A. 2d 922 (1960), while reiterating the general rule that courts are not empowered to reach into the home and determine how a husband's earnings should be spent, the court said the husband was chargeable with nonsupport. There, the husband earned $77.50 weekly and regarded his total responsibility to wife, who earned $42 each week, and child to be that of paying the rent on the apartment and in three weeks to give his wife $9 of his income. This required the wife and child to eat with the wife's mother and otherwise try to get along. In these circumstances the lower court had the right to make an appropriate order.

In our case, the husband has set no limits on his contribution. He was, prior to the hearing, simply abiding by an agreement that was made between the parties, and there are no facts here which bring us within the George exception or which make him properly chargeable with nonsupport. "The method whereby a husband secures to his wife and family the necessities of life is not a proper subject for judicial consideration and determination in the absence of proof of desertion without cause or neglect to maintain." George, supra, at 124.

Regardless of all this, it is plaintiff's contention that somehow the decision in this case should not follow precedent because this support proceeding is filed in a divorce action under the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §301(a)(3), which provides that child support and assistance may be determined in the divorce proceeding. Reference is also made to section 501(a)(2) which permits the court in a divorce proceeding to allow alimony to a

party if the party is unable to support herself through appropriate employment. This is a novel departure coming at the time of argument because the support count is founded on The Pennsylvania Civil Procedural Support Law of 1953, supra.

In Scuro, supra, the court opined that The Pennsylvania Civil Procedural Support Law of 1953 provided no substantive rights, requiring courts in these cases to look to the common law and statutes and their interpretations by the courts. We do not think the Divorce Code provides any substantive rights either. What is granted is essentially procedural—the right to consolidate all matters that may come up in the dissolution of a marriage. As to alimony, it has not been shown plaintiff cannot support herself.

For these reasons, the complaint for support will be dismissed.

## ORDER

February 27, 1981, the prayer of Count IV of plaintiff's complaint in divorce for support for herself and children is denied. Exception is granted to plaintiff.