## Lamp v. Lamp

*William K. Eckel,* for plaintiff.
*Daniel W. Rullo,* for defendant.

COFFROTH, *P.J.*, July 6, 1984—This divorce action is here on two petitions, one filed by each party, and answer thereto by the other, seeking special relief under Divorce Code §401(c). Defendant husband's petition, filed February 7, 1984, seeks enforcement of an alleged oral agreement, made between the parties several years before estrangement and filing of the divorce action, for the sharing of marital expenses, and for injunctive relief against removal from the home of any personal property. Plaintiff wife's petition, filed April 26, 1984, seeks a restraining order on the husband to prevent disposition of certain portions of a coin collection and an accounting therefor; plaintiff wife claims entitlement to one-half the rental value of the parties' marital residence during the period it was occupied exclusively by defendant husband.

The parties are teachers in the same school district, with virtually equal earnings and resources. Although estranged they are living together in the jointly owned dwelling house. No steps have been taken in the divorce action except filing of the complaint on April 8, 1983, defendant's responsive answer denying any grounds for divorce, and the instant petitions and answers which were consolidated for hearing. Plaintiff wife denies any agreement for sharing expenses. The divorce complaint contains counts for divorce on the ground of indignities to the person and under Code §201(c), and for equitable division of marital property.

Plaintiff wife's brief states:

"The divorce action is presently in the dormant stage because of the decision by . . . [defendant husband] not to execute an affidavit under §201(c). The respondent [plaintiff wife] . . . has decided not to proceed at this time with a fault divorce. Therefore, unless the §201(c) affidavits are signed, the

parties will have to wait for the three year period to run for a §201(d) divorce."

In substance, the husband's petition is an action for breach of the alleged oral agreement between the spouses, specifying their respective financial obligations toward each other in constructing and operating the common home, essentially a business arrangement for family purposes.[1] Both parties claim we have jurisdiction under Divorce Code §401(c) which grants plenary jurisdiction at law and in equity "in all matrimonial causes . . . to protect the interests of the parties or to effectuate the purposes of this act . . . as equity and justice require. . . ." The authority there granted is ample, provided the relief sought is incident to the divorce action. But there are some formidable obstacles to exercising that authority here.

First, defendant husband's claim for enforcement of the agreement relates, in part at least, to spousal support obligations; such claims are not proper in a divorce action except in the form of a claim for alimony pendente lite under Code §502, and no such alimony claim is made here. Code §403(a) also pro-

---

1. Where spouses reside together, the courts are reluctant to make family support orders which ". . . would violate the restriction upon us against reaching into the home to determine the manner in which the resources of the parties should be allocated." Nyeste v. Nyeste, 26 Somerset L.J. 285, 287 (1971); compare: Commonwealth v. George, 358 Pa. 118, 56 A.2d 228 (1948); Scuro v. Scuro, 226 Pa. Super. 592, 323 A.2d 49 (1974); DiPadona v. DiPadona, 223 Pa. Super. 408, 302 A.2d 510 (1973); Commonwealth ex rel. Gauby v. Gauby, 223 Pa. Super. 92, 289 A.2d 745 (1972); Commonwealth ex rel. Glenn v. Glenn, 208 Pa. Super. 206, 222 A.2d 465 (1966); Frey v. Frey, 17 D.&C.3d 672 (1981).

See also Snaith v. Snaith, 282 Pa. Super. 450, 422 A.2d 1379 (1980), Peoples Savings and Dime Bank & Trust Co. v. Scott, 303 Pa. 294 (1931); Scott v. Scott, 57 D.&C.2d 1 (1972).

vides for injunction against disposition of property under limited circumstances, as follows:

"(a) Where it appears to the court that a party is about to remove himself or herself or his or her property from the jurisdiction of the court or is about to dispose of, alienate, or encumber property in order to defeat alimony pendente lite, alimony, child and spousal support or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached as provided by the rules of civil procedure. The court may also issue a writ of ne exeat to preclude such removal."

The petitions here do not contain allegations of the circumstances specified in that section which are necessary to support the relief authorized.[2] The terms of a valid marital contract may affect equitable property division as provided in Code §401(e)(2); although plaintiff's complaint contains a claim for equitable division, it is not being prosecuted and the present petitions are not grounded thereon. Moreover, a claim for equitable division goes to a special divorce master under our rules and neither party seeks such an appointment.

Most important is the fact that the parties are leaving the divorce action lie dormant, yet wish to have the benefit of Divorce Code remedies which are designed to aid the divorce litigation, that is, "to effectuate the purposes of this act" as stated in §401(c). We are not sympathetic with divorce litigants who refuse to proceed in the divorce action, yet want the court to use its powers under the Divorce Code as a bargaining chip as they jockey for

2. On ne exeat, see: Elkay Steel Company v. Collins, 392 Pa. 441 (1958); Thomas v. E. C. Mutter Construction Co. Inc., 405 Pa. 509 (1962); CJS, Ne Exeat.

position. See Shaffer v. Shaffer, 41 Somerset L.J. 269, 29 D.&C.3d 205 (1983) at note[1]. The courts are busy enough deciding causes on the merits which the parties desire to proceed with. Using the courts in an attritional power struggle is contrary to public policy. We recognize that mere pendency of litigation with its potential for the exercise of judicial power is inherently coercive; however, as stated in Sprague v. Pumphrey, 29 Somerset L.J. 202, 214 (1974):

"But the attritional use of the judicial power, whereby one party seeks to use it as a test of nerve, stamina or resources of the other party, instead of as a test of the merits of the cause, is a subversion of the judicial system and is impermissible. That is why the courts will not countenance the conversion of a judicial proceeding into a standing and indefinite coercive device by a hold order upon the judicial processes, which prevents the prompt and meritorious resolution of controversy and instead generates a war of nerves."

Nor are we alone in this view. Other courts are clearly saying that the judicial powers granted by Code §401(c) may be utilized only "during the course of litigation", which means only when the parties are ". . . prepared to proceed with the action within the minimum time . . ." Weiner v. Weiner, 133 Montgomery 316, 319 (1983); see also Rueckert v. Rueckert, 20 D.&C.3d 191, 196 (1981). Ancillary remedies are available only so long as the principal action which they are designed to serve is prosecuted with due diligence to a conclusion. Compare Orr v. Orr, 315 Pa. Super. 168, 461 A.2d 850 (1983) headnote 5, footnote 2; Belsky v. Belsky, 196 Pa. Super. 374, 379, 175 A.2d 348 (1961); Drazenovich v. Drazenovich, 29 Somerset L.J. 8, 10 (1970); Karchner v. Karchner, 25 Adams 118

(1983). Here the divorce action lies dormant, unprosecuted by either party. Hence, the parties are not entitled to special relief under the Divorce Code (or Civil Rule 1920.43) so long as that situation persists.

The result is that the parties are relegated to remedies in conventional actions at law and equity. Compare Knupp v. Knupp, 41 Somerset L.J. 236, 238 (1983).

## ORDER

Now, July 6, 1984, the petitions for special relief are presently denied without prejudice.