508 A.2d 1261

**Della R. BILER**

v.

**John D. BILER, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 1986.

Filed May 6, 1986.

50

Nancy D. Eddy, Uniontown, for appellant.

James N. Fitzsimmons, Jr., Uniontown, for appellee.

Before BROSKY, ROWLEY and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order awarding support to wife-appellee in the amount of $400 per month. Appellant argues that he and his wife are not separated within the meaning of the support statute, 48 P.S. § 131,[1] for they continue to reside in the marital residence. He further contends that, irrespective of the fact that if the parties are separated, he continued to provide suitable maintenance for his wife so that the court erred in entering a support order. We hold that the parties are indeed separated though they live under the same roof, and that the support order was within the discretion of the trial court. We therefore affirm.

1. 48 P.S. § 131 states:

   If any man shall separate himself from his wife or children without reasonable cause, and, being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife or children, action may be brought, at law or in equity, against such husband for maintenance of said wife or children.

The parties have been married for more than thirty-two years. In July, 1984, appellant struck appellee, knocking her to the floor. As a result, she went to the hospital, and shortly thereafter filed for divorce. Both parties remained in the marital residence, but discontinued cohabiting and, indeed, have not spoken to each other since July, 1984. They communicate by leaving notes in appropriate locations within the dwelling. They share only limited common areas of the house such as the kitchen.

Following the institution of the divorce action by appellee, appellant stopped relying on appellee to manage the family budget. He paid all normal household expenses. From his net monthly income of $2,300, he gave appellee $200 for her personal expenses.

Appellee then instituted an action for support. Following a hearing, the trial court ordered appellant to pay appellee $400 per month, and to continue making mortgage payments, to pay the expenses of maintaining the marital residence and to pay appellee's reasonable medical and dental expenses.

This appeal from the support order is based on two allegations of error: first, that the parties are not separated, as required by the support law, while they live together; and second, if the arrangement constitutes a separation, the court erred in finding that appellant failed to provide suitable maintenance for his wife.

■ The trial court, in concluding that the parties were separated for purposes of the support law, relied on *Powelson v. Powelson*, 277 Pa.Super. 220, 419 A.2d 741 (1980), finding that the parties herein were situated similarly to those in *Powelson*. We agree. This court, in a recent interpretation of the phrase "separate and apart" in section 201(d) of the Divorce Code, 23 Pa.S. § 201(d), stated:

Thus, the gravamen of the phrase "separate and apart" becomes the existence of separate lives not separate

roofs.... This position follows the trend of Pennsylvania case law in which a common residence is not a bar to showing that the parties live separate and apart in order to establish entitlement to support. *Wechsler v. Wechsler*, 242 Pa.Super. 356, 363 A.2d 1307 (1976); *Commonwealth ex rel. DiPadova v. DiPadova*, 223 Pa.Super. 408, 302 A.2d 510 (1973).

*Flynn v. Flynn*, 341 Pa.Super. 76, 81, 491 A.2d 156, 159 (1985). This reasoning applies equally to the term "separate" in the support law, 48 P.S. § 131. As the trial court stated, "In reality the parties could be no more alienated if they lived miles apart." Slip op., September 24, 1985, at 3. Their living arrangement thus constitutes a separation.

■ The second issue is whether the trial court correctly found that appellant neglected to provide suitable maintenance by giving her $200 a month for her expenses. When we review a support order, we follow the abuse of discretion standard set forth in *Melzer v. Witsberger*, 505 Pa. 462, 475 n. 8, 480 A.2d 991, 997 n. 8 (1984), *quoting Costello v. LeNoir*, 462 Pa. 36, 40–41, 337 A.2d 866, 868 (1975): an order of support will not be disturbed unless there is a clear abuse of discretion. The record reflects no such abuse.

The trial court relied on ample evidence to support its decision. Although appellant purchased food for appellee in addition to paying joint household expenses, appellee's medical condition required a restricted diet. Notes of testimony, July 22, 1985 (N.T.), at 59–60, 70. As a result, appellee could not consume the food provided by appellant. N.T. at 62–63, 70. Appellee also had necessary automobile expenses which were not paid by appellant. N.T. at 64, 71. Appellee had other reasonable personal expenses, such as clothing, entertainment, toiletries and dry cleaning. N.T. at 70–71. We therefore hold that the support order entered on August 12, 1985, was not an abuse of discretion by the trial court.

Order affirmed.