575 A.2d 145

**Evaline SHILLING**

v.

**Lynn SHILLING, Appellant.**

Superior Court of Pennsylvania.

Argued March 7, 1990.

Filed May 21, 1990.

Frederick D. Lingle, Lock Haven, for appellant.

Before WIEAND, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

This is an appeal from the Order of Court of Common Pleas of Clinton County granting support to appellee, Evaline Shilling, in the amount of $133 per week as spousal support, and $48 per week in child support. We reverse.

The parties, Evaline and Lynn Shilling, were married on February 7, 1964, and have two sons, born in 1967 and 1975. Although one son is an emancipated adult, both children resided with the parties in the marital home. On March 15, 1989, appellee filed a complaint for support, notwithstanding appellant continued to reside in the marital home. However, appellant spent as many as three nights per week away from the marital residence, occasionally at the home of a female friend. Appellant filed a complaint in divorce on March 22, 1989.

Appellant maintains he has not left the marital residence, and is continuing to provide adequate support for appellee and their minor child.

As the trial court stated:

With respect to this latter contention the evidence is somewhat in conflict. It does appear that [appellant] is paying the electric bill, the water bill, the sewage bill and the real estate taxes on both the marital residence and the rental property [owned by the parties]. [Appellee] has paid doctor bills for the parties' child as well as a J.C. Penney account which she has in her own name. She has also paid for television cable service and clothing and has purchased her own groceries. [Appellant] has placed meat in the refrigerator on one occasion and has purchased milk, bread, cereal and peanut butter which he left at the home. The only monetary contributions made by [appellant] to [appellee] since March of 1989 include a $150.00 federal income tax refund check and $98.00 which he gave to the parties' son, Earl.

(Slip Op., Brown, P.J., 7/20/89, pp. 3-4.)

Appellant also maintained health insurance for appellee and their son, and paid their dental and medical bills not covered by insurance (N.T., 6/11/89, pp. 33-34).

As to the financial status of the parties, the trial court further stated:

[Appellee] is unemployed and has been so unemployed throughout most of the marriage. As the parties' marital storm was developing [appellee] did change a joint savings account to her name alone. This account contained approximately $5,000.00 and has been utilized by [appellee] toward her support needs since the filings of these proceedings. In addition [appellee] is receiving the monthly rentals of $200.00 for a rental property owned by the parties....

There have been allegations from [appellant] that [appellee] has also appropriated some $1,400.00 from a stove business which he operates as a sideline. However that business is presently dormant and the Court would not

consider those sums to be representative of available income on an ongoing basis to [appellee]. To the extent [appellant] can establish the conversion of these funds it is more appropriately a matter to be handled in the divorce action....

[Appellant's] financial circumstances indicate that his primary employment is as a teacher.... He is paid on a bi-weekly basis and currently has a net pay of $900.00 each pay or the sum of $450.00 per week in net earnings. He is engaged in no other employment at the present time.

(Slip Op. at pp. 2–3.)

Appellant argues the court erred in ordering he pay support, not only because he continued to reside for the most part in the marital residence, but also because he continued paying the bills associated with the marital residence, paid for items needed by appellee, and because appellee had considerable monies and income of her own. We agree.

■ In a support action, the moving party must demonstrate either physical or financial separation. *Commonwealth ex rel. Rubin v. Rubin*, 230 Pa.Super. 591, 326 A.2d 578 (1974). In the instant case, the record does not establish appellee has demonstrated either requirement.

■ The testimony indicated appellant spent Monday, Tuesday, Thursday and Sunday in the marital residence. The testimony was somewhat more confusing with respect to the location of appellant's personal effects. Appellee testified appellant removed some of his clothing, jewelry and toiletries from the home, as well as an extra dining room set, but appellant testified his belongings were in the den, where he had been sleeping since January, 1989 (N.T., pp. 16–17; pp. 35–37). We do not find in these circumstances sufficient severance to constitute physical separation.

Nor does this Court find appellant's actions evidenced a financial separation. The record indicates appellant paid all

the bills associated with maintenance of the home and those given him by appellee, and continued to perform maintenance around the home. In addition, appellant purchased groceries for the home whenever he noticed any depletion. Moreover, as mentioned above by the trial court, appellee controls, without dispute from appellant, the balance of the couple's joint checking account she transferred to her own individual account, monthly rental income of $200, and approximately $200 per month in room and board from the parties' adult son. Whether or not appellee is forced to account to appellant in the future for the expenditure of funds later determined in the divorce action to be marital assets, we analyze these funds not for their potential as income to appellee, but rather as funds in which appellant has an interest, and which he allows to be used for the family's maintenance.

As a result, we continue to find controlling *Commonwealth v. George*, 358 Pa. 118, 56 A.2d 228 (1948). In *George*, the Supreme Court decided that where

the husband provides a home, food, clothing and reasonable medical attention, he cannot be directed to pay a given stipend to the wife so that she may have it available for her own personal disposition. The method whereby a husband secures to his wife and family the necessities of life is not a proper subject for judicial consideration and determination in the absence of proof of desertion without cause or neglect to maintain.

*Id.*, 358 Pa. at 124, 56 A.2d at 231.

Subsequently, this Court has cited with approval the rule set forth in *George. Commonwealth ex rel. Glenn v. Glenn*, 208 Pa.Super. 206, 222 A.2d 465 (1966); *Scuro v. Scuro*, 226 Pa.Super. 592, 323 A.2d 49 (1974); *Commonwealth ex rel. Goldstein v. Goldstein*, 271 Pa.Super. 389, 413 A.2d 721 (1979).

We, therefore, find no obvious neglect by appellant to maintain his wife and minor son, and thus it was error for the trial court to enter an Order for support for appellee.

In light of our finding, we need not address appellant's second claim that even were an Order of support justified, the amount of support ordered was an abuse of the court's discretion. However, we do find merit in this claim, inasmuch as at the time of the Order appellant was paying the vast majority of household expenses, medical bills and taxes, while appellee was receiving approximately $400 per month in rent and room and board, in addition to any funds appellee appropriated from appellant's store business.

Order vacated.

Dissenting opinion filed by WIEAND, J.

WIEAND, Judge, dissenting.

I respectfully dissent. A common residence is not a bar to a support order where, as here, the parties in fact are living separate and apart. See: *Biler v. Biler*, 353 Pa.Super. 49, 508 A.2d 1261 (1986); *Flynn v. Flynn*, 341 Pa.Super. 76, 491 A.2d 156 (1985). See also: *Mackey v. Mackey*, 376 Pa.Super. 146, 545 A.2d 362 (1988).

In the instant case, although appellant-husband returned home several nights a week and slept on a couch in the den, the evidence was that he had filed an action for divorce, had removed his better clothing, had discontinued placing his pay check in the joint checking account, was not providing money for the purchase of food, and was living elsewhere three or four nights each week. Under these circumstances, I would hold that the order of support was proper.

The amount of the order, although substantial in view of other income available to appellee,[1] did not constitute an abuse of discretion. Appellant was employed as a school teacher and earned weekly a net of four hundred fifty ($450.00) dollars. The order compelled him to pay the sum of one hundred thirty-three ($133.00) dollars per week for

1. The evidence was that an older son had been contributing fifty ($50.00) dollars per week to his mother, the appellee, as room and board and that the wife-appellee had been collecting rent of two hundred ($200.00) dollars per month from a trailer which was owned jointly by the parties.

160

the support of his wife and forty-eight ($48.00) dollars per week for the support of his minor child. This order compelled appellant to contribute less than fifty (50%) percent of his net earnings to the support of his unemployed wife and child and was not so excessive as to constitute an abuse of discretion.

I would affirm the order entered by the trial court.