## Fling v. Fling

*Andrew W. Green,* for plaintiff.
*Robert L. Beggs,* for defendant.

ENDY, *J.,* July 1, 1991—This matter is before the court on plaintiff's exceptions to the findings and recommendations of our hearing officer after an evidentiary hearing held pursuant to Pa.R.C.P. 1910.12. The notes of testimony of that hearing have been reviewed and the briefs and oral arguments of counsel carefully considered.

The hearing officer, Katherine B.L. Platt, Esq., found that plaintiff and defendant are still residing under the same roof. Defendant is paying all of the household expenses, all of plaintiff's medical expenses and virtually all miscellaneous expenses. She concluded that the few personal expenses of plaintiff which are not being paid by defendant are not in the nature of necessities, thus plaintiff is not entitled to receive spousal support from defendant.

Plaintiff's exceptions 1, 2, 3 and 4 redundantly address the single issue of entitlement to support where the husband and wife are residing together. The benchmark case in this matter is *Commonwealth v. George,* 358 Pa. 118, 56 A.2d 228 (1948), most recently reaffirmed in *Shilling v. Shilling,* 394 Pa. Super. 154, 575 A.2d 145 (1990). In *George,* the Supreme Court decided that where:

"[T]he husband provides a home, food, clothing and reasonable medical attention, he cannot be directed to pay a given stipend to the wife so that she may have it available for her own personal disposition. The method whereby a husband secures to his wife and family the necessities of life is not a proper subject for judicial consideration and determination in the absence of proof of desertion without cause or neglect to maintain." *George, supra.*

The *George* rule has been the standard by which all succeeding cases raising this issue have been adjudged. Although the court will not normally intervene when the parties are still living together, we have ruled that it must do so when the family is not being provided with food, clothing, or medical attention. A husband who merely pays some of the mortgage payments, the electric bill and some of his wife's phone bills is not adequately supporting his family. *Kramer v. Kramer,* 30 Chester L. Rep. 273, 275 (1982). A look at the historical development in this line of cases reveals that where the parties are living together and support is sought, the result is driven by the facts and a case-by-case consideration of the circumstances particular to each has been the court's method of resolution. This was the approach utilized in *Shilling.*

In *Shilling,* the court's focus was clearly on weighing the facts as found by the trial court. The parties both lived in the marital residence, but the husband spent as many as three nights a week at someone else's home. Defendant paid the electric, water, sewage, real estate taxes on marital and rental property, health insurance for plaintiff and one minor child as well as all unreimbursed dental and medical bills. He allowed plaintiff to transfer $5,000 from a joint savings into her own name for her personal use. Plaintiff also had additional income of $200 per month on jointly owned rental property and $200 per month room and board from the parties' adult son. She paid the doctor bills for the parties' minor child, the cable TV bill, clothing and her own groceries. She had always been unemployed. On these facts, the Superior Court reversed the trial court's order for support. The court held that there was no evidence of obvious neglect by defendant to maintain his wife and minor son.

*Shilling, supra.* Most cases prior to *Shilling* that relied on the basic rule established in *George* have likewise found no basis for granting a support order. See *Commonwealth ex rel. Goldstein v. Goldstein,* 271 Pa. Super. 389, 413 A.2d 721 (1979); *Scuro v. Scuro,* 226 Pa. Super. 592, 323 A.2d 49 (1974); *Commonwealth ex rel. Gauby v. Gauby,* 223 Pa. Super. 92, 289 A.2d 745 (1972); *Commonwealth ex rel. Glenn v. Glenn,* 208 Pa. Super. 206, 222 A.2d 465 (1966).

Faced with a set of facts similar to those in *Kramer,* the Superior Court appears to have affirmed our rationale there by holding that "where a husband fails to provide food and money for reasonable personal expenses, an order for support is merited." *Biler v. Biler,* 353 Pa. Super. 49, 508 A.2d 1261 (1986). The *Biler* court simply found that the parties were situated similarly to those in *Commonwealth ex rel. Powelson v. Powelson,* 277 Pa. Super. 220, 419 A.2d 741 (1980). In *Powelson,* the hearing judge determined that "the husband has almost totally failed to provide food for the wife. . . . He [husband] cannot be heard to contend that he is adequately supporting his wife by simply providing shelter for her and paying utilities." *Id.* As part of this scenario, the Bilers had not spoken to each other for approximately two years and, from a net monthly income of $2300, the husband gave his wife only $200 per month. On this set of facts the Superior Court affirmed the lower court's order of $400 per month.

The *Biler* court also discussed the issue of "separate and apart" found in the Divorce Code. It adopted the interpretation that it is the existence of separate lives, not separate roofs, that is applicable to support law. The court held that the parties' living arrangements constituted a separation and although

defendant did purchase food, his wife's medical condition required a special diet for which he did not provide. In addition, the court allowed support for such reasonable expenses as maintenance of plaintiff's automobile and personal expenses such as clothing, entertainment, toiletries and dry cleaning.

The analysis undertaken in both *Shilling* and *Biler* is clearly a factual one. Not only should a court consider if the facts reveal a separation before it can grant an order for support, but more significantly, whether the plaintiff being adequately provided for. The facts in the instant case reveal that defendant is providing adequate support. The parties were married on February 10, 1973. For approximately the last two years, they have remained in the marital residence but have slept in separate bedrooms. The husband pays the following: all household expenses, mortgage, food, transportation, electric, oil, telephone, real estate taxes, homeowner's insurance, health insurance and the deductible, fuel for and repairs to his wife's vehicle, auto insurance and all of wife's prescriptions.

Plaintiff has not been able to work since 1989 due to a back injury for which she receives extensive medical treatment which renders her unable to work. Plaintiff testified that her doctor bills average $50 a month and prescriptions average $300 a month, both of which her husband pays. Defendant gives her money for travelling to Philadelphia for medical treatment and previously gave her money for commuting to school in Philadelphia as well as money for lunch. He also gives her money to maintain care for her dog including $300 at one time for surgery. Defendant has given her money to post bail for one of her sons of a previous marriage. He gives her $300 every year so that she can travel to West Virginia for her mother's memorial services.

Plaintiff has a charge card with Strawbridges and pays that bill from money her husband has given her. Plaintiff pays for her cosmetic and personal care needs through money left over from funds that defendant gives her for groceries. The food that defendant provides is currently consumed by plaintiff's son and grandson from a previous marriage and for some time was also consumed by her other son, his girlfriend and her daughter. In essence, they were all being provided for solely by defendant. Defendant is also paying back plaintiff's $2500 balance on a Core States Bank credit card from two years ago. In 1990, prior to the hearing, defendant had given plaintiff the following: February—$260; March—$530; April—$451; May—$538; June—$609; July—$460; August—$280; September—$388.

In fact, plaintiff could recall few items for which defendant had not given her money and even admitted to having plenty of clothes. Plaintiff cleans, cooks most of the meals and does the laundry——when her health allows. Her adult son living at home does not help at all. Defendant often picks up the groceries and cooks his own meals.

It is obvious on these facts that plaintiff has not demonstrated before this court that either a physical or financial separation exists between her and her husband. Defendant is paying all of the requisite expenses of the household as well as most of the ordinary and extraordinary expenses of the plaintiff. It could therefore hardly be said that he is neglecting to maintain his wife in any fashion. He provides his wife with food as well as money for all reasonable and personal expenses, not to mention shelter, clothing and medical attention. He is supporting his wife to the extent that the law requires. Accordingly, plaintiff's exceptions 1 through 4 are dismissed.

Plaintiff's exception 5 is not an exception to the hearing officer's recommendation and lacks the specificity required by Pa.R.C.P. 1910.12(e).

Plaintiff's final exception asserts a constitutional argument which not only does not conform to the requirement of Pa.R.C.P. 1910.12(e), but has no application in this matter.

## ORDER

And now, July 1, 1991, plaintiff's exceptions are dismissed and the findings and recommendation of the hearing officer dismissing the petition are affirmed as a final order.