J-S75027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALINA BURDA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STEVEN BURDA | |
| Appellee | No. 893 EDA 2014 |

Appeal from the Order February 20, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-00058

BEFORE: ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:                 **FILED DECEMBER 15, 2014**

Alina Burda ("Mother") appeals *pro se* from the order of the Court of Common Pleas of Montgomery County entered on February 20, 2014 dismissing the Mother's support action against Steven Burda ("Father"); Mother also appeals the court's order of February 21, 2014 denying as moot her petition to seal the record and Father's motion to enter the parties' stipulations as orders of the court.[1]   We affirm.

_____

[1] Mother's notice of appeal was timely filed on March 3, 2014.  Thereafter, Mother filed a petition to reopen on March 7, 2014.  The trial court entered an order on March 11, 2014 specifying that the only documents that may be filed by either party are appropriate post-trial filings, i.e., requests for transcripts.  **See** Trial Court Order, March 11, 2014.  Thereafter, on March 18, 2014, Mother filed a motion for reconsideration.  The trial court did not rule on that motion within 30 days of the date on which the orders sought to be reconsidered were entered, and, therefore, the motion was denied by operation of law.  **See** Pa.R.A.P. 1701(a)-Note: ("If the trial court or other
*(Footnote Continued Next Page)*

Mother and Father were married in November 2012. Mother gave birth to the parties' child, C.B., in September 2013. Three days after C.B. was born, Mother filed a complaint in support in the Domestic Relations Office, seeking support for the minor child. The trial court dismissed the complaint on December 18, 2013. Mother filed exceptions. The trial court, noting that the parties resided at the same address, held a hearing on the exceptions on February 19, 2014.

Following the hearing, the court determined that it was clear the parties resided together and shared custody of the child. N.T. Hearing, 2/19/14, at 3-5. The court found that the parties share responsibility for the household bills and the child is healthy, well cared for, and properly supported. *Id*. at 5-7, 16-17. The court also determined that the parties were in collusion to reduce Father's child support obligation to his two children from his first marriage so that more money would be available to his intact family. *See id*. at 16, 27. In fact, Mother testified that she wanted Father's wage attachment with respect to his other two children to be reduced. *Id*. at 16.[2]

_(Footnote Continued)_ _____

governmental unit fails to enter an order "expressly granting reconsideration" (an order that "all proceedings shall stay" will not suffice) within the time prescribed by these rules for seeking review, Subdivision (a) becomes applicable and the power of the trial court or other governmental unit to act on the application for reconsideration is lost.").

[2] In his brief, not surprisingly, Father's argument consists of a statement that he does not challenge Mother's arguments and adopts Mother's brief.

In a support action, the moving party must demonstrate either physical or financial separation. **Shilling v. Shilling**, 575 A.2d 145 (Pa. Super. 1990); **Commonwealth ex rel. Rubin v. Rubin**, 326 A.2d 578 (Pa. Super. 1974). In **Shilling**, this Court stated: "[W]e continue to find controlling **Commonwealth v. George**, 358 Pa. 118, 56 A.2d 228 (1948)." In **George**, the Pennsylvania Supreme Court held that where

> the husband provides a home, food, clothing and reasonable medical attention, he cannot be directed to pay a given stipend to the wife so that she may have it available for her own personal disposition. The method whereby a husband secures to his wife and family the necessities of life is not a proper subject for judicial consideration and determination in the absence of proof of desertion without cause or neglect to maintain.

**Id**. at 231.[3]

In the instant case, the record does not establish that Mother has demonstrated either of the **George** requirements. Mother failed to show either physical or financial separation. **George, supra**; **Shilling**, **supra**. Furthermore, the fact that **George** concerned a request for both spousal and child support, as opposed to child support only, does not alter our decision. We, therefore, affirm the trial court's dismissal of this action. As we agree

---

[3] The statute construed in **George**, **supra**, was the Act of 1939, P.L. 872, § 733, 18 P.S. § 4733, which has since been repealed, 18 Pa.C.S. § 4322 (1973), repealed 1985, Oct. 30, P.L. 264, No. 66, § 3. **See** 23 Pa.C.S. § 4301.

that the trial court properly dismissed Mother's support action, the requests to seal the record and enter the parties' stipulations as court orders were properly dismissed as moot.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2014